## LINDSAY v. GARVIN.

1. A mortgage of land was given to secure the purchase price of a mule, which, by agreement, was returned and a mare taken in exchange, and a mortgage given on the mare to secure the payment of $64 boot. Subsequently the mare was returned and the chattel mortgage cancelled, and it was verbally agreed that the land mortgage should stand as security for $25, hire of the mule, and a store account meanwhile

contracted. *Held*, that the land mortgage was extinguished, and could not by parol testimony be applied to a debt subsequently contracted.
2. But plaintiff, under his action of foreclosure, may enter an ordinary judgment on his debt.

Before HUDSON, J., York, October, 1888.

The opinion doubtless states the case sufficiently.[1]

*Mr. D. E. Finley*, for appellant.

*Mr. C. E. Spencer*, contra.

July 6, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This was an action to foreclose a mortgage upon certain real estate, executed by the defendant, appellant, to the plaintiff, respondent, to secure the payment of a note for $100, given in the purchase of a mule by appellant from respondent. The mule was afterwards traded back to the respondent for a mare, the appellant agreeing to give $64 as boot, to secure which he executed a mortgage upon said mare. Afterwards appellant becoming dissatisfied because of the unsoundness of the mare, she was returned and the chattel mortgage given up, the respondent keeping both the mule and the mare, which substantially broke up the entire trade, and therefore cancelled the mortgage given to secure the $100 for the purchase of the mule. In the meantime the appellant had become indebted to the respondent in the sum of $63.12 on open account, and desired to contract at a future time some $11.68 additional; and at the time of the return of the mare it was understood between the parties that appellant should pay $25 for the use of the mule while he had him in possession before the trade was broken up. On account of these items of indebtedness, and to secure the payment of the same, when the mare was returned the parties verbally agreed with each other that the mortgage upon the real estate, *supra*, should stand as security therefor,

[1]The Brief was in manuscript, and the Reporter has been unable to procure a copy.

and the proceeding below was instituted to foreclose said mortgage in payment of said items of indebtedness.

Upon the report of a referee with exceptions, who had disallowed the mortgage, except as to the $25, which sum he held might be regarded as a part of the purchase money of the mule, and therefore embraced in the mortgage as it originally stood, his honor, Judge Hudson, ruled that the mortgage should stand as security for the entire indebtedness of appellant to respondent, including the items other than the $25, as well as said $25; and he decreed judgment of foreclosure. for plaintiff's whole account, amounting to $97.17. From this judgment the defendant has appealed, contesting his honor's ruling that the original mortgage could be extended to cover other debts than the debt to secure which it was given under the circumstances of this case, and upon oral testimony.

No doubt that oral testimony is competent to prove that a deed absolute on its face was intended as a mortgage. No doubt, oral testimony may be admitted to apply a written contract to its proper subject matter, as, for example, a mortgage to the debt really intended to be secured thereby. No doubt, though the mortgage may be for a definite sum, it is competent to prove that it was intended to secure an open account continually varying. And no doubt, oral testimony will be received to prove that the mortgage was to secure future advances. It is also competent to show the true character of the mortgage, and for what purpose, and upon what consideration, it was given. See for these positions 1 *Jones on Mortgages*, sections 351, 374, and 384; and also our cases of *McCaughrin & Co.* v. *Williams*, 15 S. C., 505; *Kaplan* v. *Ryan*, 16 *Id.*, 352; *Walker* v. *Walker*, 17 *Id.*, 329; *Moffatt* v. *Hardin*, 22 *Id.*, 9; and *Moses* v. *Hatfield*, 27 *Id.*, 328.

But this case does not fall under either of these principles. Here a mortgage was given to secure a certain debt, to wit, the $100 debt contracted in the purchase of the mule. It had no other purpose at its inception: no other debt was contemplated or intended to be secured. This mortgage fell through and became extinct, because the trade was afterwards rescinded; and the effort below was not to prove that the mortgage was intended, at the

time of its execution, to secure other debts, either future advances or otherwise, or to apply it to its proper subject matter, because that was doubtful, or to do any one of those things which, according to Mr. Jones on Mortgages, cited *supra*, and the cases above referred to, might be legitimately done. But it was an effort by parol to add to a mortgage given for a distinct and definite purpose, and for no other, an additional purpose, conceived some time after the mortgage was given, and after, in fact, it had been substantially cancelled, and was dead. It was, in fact, an effort to resuscitate a dead instrument, and to give it a feature by a parol agreement, which it did not possess before said parol agreement was made, and this, too, entirely by parol testimony.

It seems to us that this was in conflict with the well settled doctrine that parol testimony is inadmissible to alter, vary, or add to a written instrument. If the purpose here was not to add the verbal agreement suggested to the original mortgage, and then enforce it as a part of the mortgage, which would be in violation of the doctrine mentioned above, then there could have been no other purpose but to set up a verbal mortgage as independent of the written one. For such a proceeding we know of no principle or decided case as authority. The judgment below must be reversed.

And it is the judgment of this court, that the judgment of the Circuit Court be reversed, in so far as said judgment sustains the mortgage in question, and orders a foreclosure thereof in payment of the debt established; and that the case be remanded so that plaintiff may obtain and enter judgment on the amount of said debt, if so advised.