L. K. BROWN V. J. B. SHIELDS.

No. 15,579.   (96 Pac. 351.)

SYLLABUS BY THE COURT.

WRITTEN CONTRACT—*Ambiguity—Parol Evidence.* Where the language of a written instrument is ambiguous and uncertain, so that it can not be clearly ascertained therefrom which of two interpretations was intended by the parties, the circumstances surrounding the execution of such instrument should be received in evidence as an aid to the ascertainment of such intent.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed June 6, 1908. Reversed.

*Fred B. Stanley,* and *Claude C. Stanley,* for plaintiff in error.

*James Conly, W. E. Stanley, R. R. Vermilion,* and *Earle W. Evans,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action to recover rent. The parties executed a written lease, which, except immaterial parts, reads:

"This lease, made this first day of February, 1904, by J. B. Shields, of the city of Wichita, county of Sedgwick, state of Kansas, of the first part, to Mrs. L. K. Brown, of the city of Wichita, county of Sedgwick, state of Kansas, of the second part,

"Witnesseth, That the said party of the first part, in consideration of the rents, covenants, and agreements of the said party of the second part, hereinafter set forth, does by these presents grant, lease and rent to the said party of the second part the following-described property, situated in the county of Sedgwick and state of Kansas, to wit, the first-floor room of the building situated on lot number thirty (30), Main street, Wichita, Kan., as shown by the recorded plat thereof, and known as 134 North Main street. . . . Party of second part agrees not to carry a line of millinery stock of any description, and, in event of vio-

20—78 KAN.

lation of this agreement, agrees to pay an additional $100 to the party of the first part, making the total rent, in that event, two hundred and twenty-five dollars ($225) a month. *Party of the second part agrees to give the party of the first part thirty (30) days' notice of removal before the expiration of this lease.*

"To have and to hold the same unto the said party of the second part from the first day of February, 1904, to the first day of February, 1906, and the said party of the second part, in consideration of the leasing of the premises, as above set forth, covenants and agrees with the said party of the first part to pay the said party of the first part, his heirs or assigns, as rent for the same, the monthly rent or sum of one hundred and twenty-five and no-100 dollars, in monthly payments as follows, to wit, in advance, on the first day of each month until the expiration of the time of this instrument. . . . The said party of the second part further covenants with the said party of the first part that at the expiration of the time mentioned in this lease to give peaceable possession of the said premises to said party of the first part, in as good condition as they now are, the usual wear, inevitable accidents, and loss by fire excepted."

The lessee took possession of the leased property February 1, 1904, and occupied it until August 31, 1905, when she moved out and delivered the keys to the lessor. She paid no rent afterward. The lessor commenced this action in the city court of the city of Wichita to recover the unpaid rent, and obtained a judgment for the amount claimed. Appeal was taken by the lessee to the district court of Sedgwick county, where the lessor was again given a judgment, and the lessee prosecutes error.

The parties disagree as to the proper interpretation of the lease. The lessee insists that the language, "party of second part agrees to give the party of the first part thirty (30) days' notice of removal before the expiration of this lease," means that she may terminate the lease at any time by giving thirty days' notice. The lessor contends that it merely requires the lessee to give thirty days' notice of her intention to

remove when the lease is terminated by its own terms.

The lessee, in support of her position, offered to prove that before the execution and delivery of the lease she insisted upon having a provision inserted such as she claims this to be, and that the lessor, in compliance with this request, wrote into the instrument the words in controversy, claiming that they constituted such a provision, whereupon she was satisfied and accepted the lease. The court rejected this offer, on the ground that the language was unambiguous, its meaning being clear, and that the evidence tended to change a written instrument by oral proof. The lessee insists that the evidence offered did not change or vary the terms of the lease, but merely aided in its interpretation. We are inclined to adopt the view of the lessee. Such a provision as she claims this to be is common in such instruments, and is material and useful. It does not seem unreasonable to suppose that such a provision might have been intended by the parties to this lease. On the other hand, it seems highly improbable that they would insert a provision requiring the lessee to give the lessor thirty days' notice that she intended to comply with her contract by removing from the premises, as by its terms she was bound to do. Such a provision would be unusual and of no practical importance. The language does not clearly indicate such intent. As between two doubtful interpretations, that should be adopted which seems to be the most reasonable, considering the nature and purpose of the instrument and the situation of the parties. Without the aid of extrinsic circumstances the language here used may be regarded as equivalent to the following: "In case of removal before the expiration of this lease, party of the second part agrees to give the party of the first part thirty days' notice thereof." We think, however, that the language is sufficiently ambiguous to justify the admission of evidence of the circumstances surrounding the execution of the instrument for the purpose of aiding in its interpretation.

With the facts contained in the offer of proof no doubt would exist as to the intent of the parties, and the interpretation contended for by the lessee would clearly appear to be correct. The notice given by the lessee reads:

"WICHITA, KAN., July 28, 1905.

"*Mr. J. B. Shields, City:*

"DEAR SIR—This is to notify you that I will vacate this room, 134 North Main street, September 1, or as soon thereafter as I can obtain possession of my new location.                                   MRS. L. K. BROWN."

It is claimed that the last clause of this notice leaves the time when the place will be vacated so uncertain as to destroy its force as a thirty-day notice. This criticism is well taken, but the contract does not require a written notice and the actual removal and delivery of the keys on August 31 was notice from that date, and therefore the defect in the written notice would only affect the rent for one month.

The judgment of the district court is reversed, with directions to grant a new trial and proceed as herein indicated.