## 10420

### McLAURIN v. EDDINS.

#### (103 S. E. 531.)

1. EVIDENCE—MORTGAGE HELD NOT TO COVER SUBSEQUENT ADVANCE TO MORTGAGOR UNDER PAROL AGREEMENT.—Where defendant gave a real estate mortgage to secure an advance, and the parties had subsequently by parol agreed that the mortgage was to secure a further advance, the mortgage was valid in securing the balance due upon the original advance only.

2. MORTGAGES—MORTGAGEE HELD ENTITLED TO JUDGMENT FOR FURTHER ADVANCE UNDER PAROL AGREEMENT NOT SECURED BY MORTGAGE.—In an action to foreclose a mortgage securing an unpaid balance, and also to secure a further advance made under a parol agreement, plaintiff *held* entitled to an order for judgment for such further advance, notwithstanding that it was not secured by the mortgage.

3. APPEAL AND ERROR—ALLOWANCE OF RESPONDENT'S AMENDMENTS NOT ERROR BECAUSE APPELLANT COMPELLED TO PRINT ENTIRE RECORD.—Where respondent has procured trial Court to allow amendments to the case on appeal, that appellant has thereby been compelled to have the entire record printed does not show error, where the size of the record has been enlarged by appellant's failure to comply with rule 5, secton 8, requiring amendments to be incorporated in their proper place.

Before MOORE, J., Chesterfield, April, 1919. Reversed in part, and affirmed in part.

Action to foreclose a mortgage by D. J. McLaurin against J. R. Eddins. From decree of foreclosure, plaintiff appeals.

The decree of the trial Court was as follows:

This was an action to foreclose a real estate mortgage given by defendant to plaintiff for $437.60, dated February 15, 1913, and due December 1, 1913, with interest after maturity at 6 per cent. per annum.

The defendant made answer, and the matter was referred to B. J. Douglass as special referee, who has reported his findings and conclusions to the Court, to which the defendant has excepted. It appears from the evidence that this

note was originally given for an indebtedness then existing, and all of which was afterward paid except $41.32, which is still due and owing thereon.

The plaintiff, however, contended that subsequent to such payment *pro tanto* the parties had verbally agreed between themselves that this mortgage should stand as security, not only for the balance still due, but also for an additional debt subsequently incurred.

The defendant denied such agreement, and it is not claimed by the plaintiff that there was any writing to evidence the same, but that it was merely a parol agreement.

The referee held that there was a parol agreement that the said mortgage should secure advances for the year 1914 only, and that there is a balance due under such parol agreement, which he concluded was secured by the original real estate mortgage, of $250.42, with interest from the year 1915 at 6 per cent.; but for the years 1915 and 1916 that there was no parol agreement that the said mortgage should secure advances for those years.

The complaint does not allege that the said real estate mortgage secures any debt that might thereafter be contracted, but seeks the foreclosure of a mortgage given by defendant to plaintiff, dated February 15, 1913, for $437.60, due December 1, 1913, with interest after maturity at 6 per cent. It might be added here that the mortgage calls for 8 per cent. attorney's fee on the amount involved. After hearing the pleadings and other papers in the case and argument of counsel, I am of the opinion that this real estate mortgage which was given to secure the original debt of $437.60 cannot, by a subsequent parol agreement, be so extended as to cover other debts not contemplated by the parties at the time the note and mortgage were given. See *Lindsay v. Garvin,* 31 S. C. 259, 9 S. E. 862, 5 L. R. A. 219.

I, therefore, hold that there is due on the mortgage debt herein the sum of $41.32, with interest at 6 per cent. from December 1, 1913, together with 8 per cent. thereof as attorney's fees, and that plaintiff should have an order of foreclosure and sale accordingly.

*Messrs. Hanna & Hunley,* for appellant, cite: *Mortgage should secure debt of 1914 as well as 1913 that being agreement of parties, but to so hold, Lindsay v. Garvin, 31 S. C. 259, must be overruled. Plaintiff should have been allowed to enter up judgment for debt, even if not secured by mortgage:* 31 S. C. 262; 26 S. C. 348. *Amendments to "Case" should not have been allowed, and costs should go against respondent:* 109 S. C. 396; 43 S. C. 262.

*Mr. M. S. Hough,* for respondent, cites: *Mortgage given to secure a specific debt cannot be extended to secure other advances by parol:* 31 S. C. 259.

June 28, 1920.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action to foreclose a mortgage. The facts are stated in the decree of his Honor, the Circuit Judge, which will be reported, except the formal part thereof.

The first question to be decided is: "Was the Circuit Court in error in holding that the mortgage could only secure the balance of the debt, at the end of 1913?"

In their printed argument the appellant's attorneys say: "We are aware that *Lindsay v. Garvin,* 31 S. C. 259, 9 S. E. 862, 5. L. R. A. 219, sustains the Circuit Court on the first question, unless that case is overruled."

They have not satisfied this Court that said case should be overruled.

The second question is: "Was the Circuit Court in error in holding that irrespective of the mortgage debt, the plaintiff could not enter up judgment for the amounts found by the referee to be due, viz., $250.42 and $85.21 and interest?"

Although the said indebtedness was not secured by the mortgage, nevertheless the plaintiff was entitled to an order for judgment thereon. *Sallinas & Son v. Ellis,* 26 S. C. 337, 2 S. E. 121.

The last question is: "Was the Circuit Judge in error in granting respondent's amendments to the 'case,' thereby compelling appellant to have the entire record printed?"

The size of the record was enlarged by reason of the fact that the appellant failed to comply with section 8 of rule 5 which requires that "In the final preparation of the case for use in this Court, where amendments have been allowed, they must be incorporated at their proper place."

The appeal is sustained as to the second question, but dismissed as to the first and last questions.