## 11741

### BLUME v. WESTON

### (127 S. E., 561)

1. EVIDENCE—EVIDENCE OF PAROL AGREEMENT AS TO CONTINUANCE IN FORCE OF MORTGAGE AS SECURITY FOR NOTES HELD ADMISSIBLE.— Where purchaser of land gave mortgage on it and other land to secure initial payment, and, on becoming unable to perform, made parol compromise agreement, whereby vendor surrendered purchase contract and accepted two notes of purchaser in settlement, but retained mortgage, *held* parol evidence was admissible to show that parol agreement embraced condition that mortgage was to continue in force as security for notes; such matter being question of intent.

2. MORTGAGES—CHANGE IN FORM OF EVIDENCE OF DEBT, OR OF MODE OR TIME OF PAYMENT, DOES NOT OPERATE TO DISCHARGE MORTGAGE.— Change in form of evidence of debt, or of mode or time of payment, does not operate to discharge mortgage.

3. EVIDENCE—PAROL EVIDENCE ADMISSIBLE TO SHOW AGREEMENT THAT PRIOR MORTGAGE SHOULD CONTINUE AS SECURITY FOR NEW NOTE.— Admission of parol evidence to show that, when new note was executed, it was agreed that prior mortgage should continue as security for such new note, is not violation of parol evidence rule.

Before TOWNSEND, J., Richland, 1924. Affirmed.

Action by J. W. Blume against M. R. Weston. Judgment for plaintiff and defendant appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Parol testimony inadmissible to alter, vary, contradict or add to written instrument:* 31 S. C., 259; 32 S. C., 243; 83 S. C., 204; 120 S. C., 211; 2 Strob. L., 122; 2 Mills Const. Rep., 265; 2 Strob. Eq., 154.

*Messrs. Thomas H. Moffatt* and *C. T. Graydon,* for respondent, cite: *When mortgage can secure a different debt:* 2 Jones Mort., 924, page 521. *Consideration to support an agreement:* 88 S. C., 496; 98 S. C., 11; 6 R. C. L., 658. *Mortgagee can prove other indebtedness by parol:* 33 S. C., 243; 31 S. C., 259; 35 S. C., 511. *Blume was a bona fide purchaser without notice:* 96 S. E., 485; 42 S. C., 322; 38 S. C., 138.

April 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action to foreclose a real estate mortgage, the defendant appeals from an order of his Honor, Judge W. H. Townsend, confirming the master's findings and conclusions in favor of the plaintiff. The relevant facts are as follows:

About the 1st of May, 1920, the defendant, Weston, entered into a contract with L. M. Yelton to purchase 136 acres of land in Richland County. To secure the first payment, due January 1, 1921, Weston executed and delivered to Yelton a mortgage on said land and on another tract of land containing 54 acres. About December 1, 1920, the defendant, Weston, finding that he would be unable to comply with his contract, agreed with Yelton upon a compromise settlement or arrangement, as a result of which he gave Yelton two notes for $400 each and Yelton surrendered the written contract of purchase and retained the original bond and mortgage. These notes were subsequently transferred and the mortgage assigned by Yelton to Blume, who brought this action.

The plaintiff contended, and introduced evidence to sus-

tain the contention, that the subsequent parol agreement between Yelton and Weston embraced the condition that the mortgage given to secure the first payment under the contract of sale was to continue in force as security for the payment of the two notes, amounting to $800, given on or about December 1, 1920. On appeal from the master's report, sustaining that contention, Judge Townsend held as follows:

"This matter comes before me on exceptions to the master's report. On hearing same, I hold the parol testimony was admissible to show that the two notes sued on were given pursuant to a subsequent parol agreement for cancellation of the original contract for the purchase of certain lands; the mortgage theretofore given as security for the performance of said former contract of purchase, now canceled, continuing as a security for the payment of the notes, as found by the master."

From that ruling this appeal is taken.

The appellant's contention here is, in substance, that the admission of parol testimony to establish the alleged subsequent agreement that the mortgage given by Weston should continue in force, and the findings of fact based on that testimony, were erroneous, in that the admission of such evidence was in violation of the rule that "parol testimony is inadmissible to vary, contradict, alter, or add to a written instrument." It is argued that the question presented is essentially identical with that involved in the case of *Lindsay v. Garvin,* 31 S. C., 259; 9 S. E., 862; 5 L. R. A., 219, and is ruled by the decision in that case.

In *Lindsay v. Garvin,* it was held that, where "a mortgage of land was given to secure the purchase price of a mule, which, by agreement, was returned and a mare taken in exchange, and a mortgage given on the mare to secure the payment of $64 boot," and "subsequently the mare was returned and the chattel mortgage canceled, and it was verbally agreed that the land mortgage should stand as security

for $25, hire of the mule, and a store account meanwhile contracted, * * * the land mortgage was extinguished, and could not by parol testimony be applied to a debt subsequently contracted." That conclusion was based upon the view that under the facts of that case the introduction of testimony as to the verbal agreement to let the real estate morgage stand as security for the "hire of the mule" and for the subsequently contracted store account "was an effort by parol to add to a mortgage given for a distinct and definite purpose, and for no other, an additional purpose, conceived some time after the mortgage was given, and after, in fact, it had been substantially canceled, and was dead."

It is at once apparent that the foregoing decision may not properly be construed as authority for the position that parol or extrinsic evidence is inadmissible upon an issue as to whether a mortgage debt has, in fact, been discharged and the mortgage extinguished. The very facts as to the return of the mule and the mare, etc., upon which the Court rested its conclusion in that case, as to the extinguishment of the debt for which the mortgage was actually given, were extraneous facts which could have been, and doubtless were, established wholly by parol testimony. So here, with the real estate mortgage, unsatisfied and uncanceled, in the hands of the mortgagee's assignee, the admission of extraneous evidence as to the subsequent agreement relating to the cancellation of the defendant's obligation to buy and pay for the 136 acres of land, was not only proper, but was vitally essential to proof of the defendant's alleged defense that the mortgage lien had, in fact, been extinguished. If such testimony was admissible to establish that the mortgage had been discharged by the subsequent verbal agreement, it was, of course, equally admissible to establish that the mortgage had not, in fact, been thereby extinguished. Nor does the Court's legal conclusion from the facts in *Lindsay v. Garvin* that the mortgage given to secure a debt for a mule

could not be extended to cover a subsequently contracted store account, etc., require that the concurrent findings and conclusions of the master and Circuit Judge in this case shall be declared erroneous. Whether the agreement, whereby Yelton released Weston from the contract to purchase and Weston gave Yelton his notes for $800, operated to extinguish the outstanding mortgage held by Yelton, was a question of intention.   19 R. C. L., 438, § 222.

The mere execution and delivery of two new notes, 2, 3 obviously, was not conclusive evidence of a mutual intention that the notes should be given and accepted in extinguishment of the outstanding mortgage debt.   No change in the form of the evidence of a debt, or in the mode or time of payment, can operate to discharge a mortgage. 19 R. C. L., 450, § 234.   *Rose v. Bank of State of South Carolina,* 1 Strob. Eq., 257.   Nor is the admission of parol evidence, to show that, at the time of the execution of a new note, it was agreed by the parties that the mortgage should be continued as security for the new note, a violation of the rule invoked by appellant.   19 R. C. L., 450, § 234; note, and cases there cited, 85 Am. Dec., 468; 469.   It was the contention of plaintiff, sustained by the master and the Circuit Judge, that the purpose of the subsequent parol agreement between the parties to the mortgage was not to extinguish the mortgage debt, but to reduce it, and that the new notes were merely a change in the form of the evidence to support these findings, and the legal conclusion thereupon was in accord with the view of the law above stated.

The foregoing discussion covers the points argued in appellant's printed brief.

It follows that the judgment of the Circuit Court must be affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN not participating.