OAKMAN v. HURD LUMBER & WOODWORK CO.

1. MORTGAGES—MORTGAGE NOT DISCHARGED BY SUBSTITUTING NEW NOTE FOR ORIGINAL ONE.
    Surrender of mortgage note to mortgagor and substitution of another note therefor did not discharge the mortgage, since the mortgage, and not the note, secures the debt.

2. BANKRUPTCY—MORTGAGES—DISCHARGE IN BANKRUPTCY NO BAR TO FORECLOSURE OF MORTGAGE.
    Where mortgage was not proved as claim against mortgagor's estate in bankruptcy, discharge of bankrupt mortgagor was no bar to subsequent foreclosure of mortgage, but only bar to personal judgment against bankrupt.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 10, 1930. (Docket No. 69, Calendar No. 34,345.) Decided June 2, 1930.

On the rule as to whether renewal of mortgage or note will operate as a satisfaction of the prior mortgage or note, see annotation in 35 L. R. A. (N. S.) 86.

Bill by Robert Oakman against Hurd Lumber & Woodwork Company, a Michigan corporation, to have certain premises released from a mortgage and sale thereunder. From a decree for plaintiff, defendant appeals. Reversed.

*James Gibbons,* for plaintiff.

*Wayne Van Osdol,* for defendant.

Wiest, C. J.   The decree, appealed from, released premises from a mortgage, because the mortgage note had been surrendered to the mortgagors and a new short-time note for a like amount given and subsequent short-time notes given for balance of the debt secured by the mortgage.

Plaintiff purchased from the mortgagors and took a deed subject to the mortgage, wanted to pay, discovered the surrender of the original note and substitution and renewals, assumed that such discharged the mortgage, refused payment, and, after foreclosure by advertisement and expiration of period of redemption, filed the bill herein to have the premises released from the mortgage and the sale thereunder. Plaintiff was in error in his assumption that the mortgage, by act of the parties, relative to the evidence of the debt secured thereby, had been rendered void, and the court was in like error in entering decree.

The question is not new. The mortgage was given to secure payment of a debt, evidenced by note. It was at all times the same debt even though evidenced by successive notes.

"No change in the form of indebtedness or in the mode or time of payment will discharge the mortgage. A mortgage secures a debt, and not the note

or bond, or other evidence of it. No change in the form of the evidence, or the mode or time of payment—nothing short of actual payment of the debt, or an express release—will operate to discharge the mortgage. The mortgage remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt,  *  *  *. Thus, the fact that the original notes secured by a mortgage have been surrendered and other forms of indebtedness taken in their stead, will not, as between the parties, while the original indebtedness remains unpaid, deprive the creditor of the security afforded by his mortgage." Jones on Mortgages (8th Ed.), § 1182.

See, also, 19 R. C. L. p. 450, § 234; (*Dumell* v. *Terstegge,* 23 Ind. 397), 85 Am. Dec. 466, and note; *Hoy* v. *Biladeau,* 110 Ore. 591 (223 Pac. 241); *Blume* v. *Weston,* 131 S. C. 435 (127 S. E. 561).

Plaintiff purchased from the mortgagors and took a deed subject to the mortgage and does not claim otherwise. The mortgagors at all times gave notes merely evidencing the identical debt secured by the mortgage.

Floyd V. Wuerth, one of the mortgagors, testified:

"On August 31, 1925, I gave a note to the Hurd Lumber & Woodwork Company for $3,000, dated the same date as the mortgage.

"A short time afterward I took that note back and gave Mr. Miller (representing the mortgagee) another note in the same amount, with the understanding that the Hurd mortgage was to secure the new note the same as it had the old, and I did not expect to get a discharge of the Hurd mortgage until I had paid it all.

"I made payments on the new note, took up the old notes and gave other renewal notes for the balance."

The substituted note and the renewals were used by defendant to obtain money from a bank, and, as they fell due, were taken up at the bank by defendant, so that at the time of the foreclosure defendant had a note evidencing the debt then secured by the mortgage.

The mortgagor Wuerth filed a petition in bankruptcy and listed the mortgage debt as an obligation, but it does not appear that the debt was presented as a claim against the bankrupt.

It not appearing that the mortgagee proved its claim against the mortgagor's estate in bankruptcy, the discharge of the bankrupt mortgagor was no bar to subsequent foreclosure of the mortgage, but only a bar to a personal judgment against the bankrupt. See Jones on Mortgages (8th Ed.), § 1595. Plaintiff's rights were subject to the mortgage.

The decree in the circuit court is reversed, and a decree will be entered here dismissing the bill, with costs to defendant.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.