ATWOOD v. SCHLEE.

1. MORTGAGES—HUSBAND AND WIFE—SECURITY FOR HUSBAND'S NOTE.

Mortgage given by husband and wife to secure his note *held*, valid since mortgage imposed no personal liability on the wife and did not come within act removing some of her common-law disability and requiring a noncoercion clause (Act No. 158, Pub. Acts 1917).

2. SAME—SECURITY FOR NOTE—TRANSFER OF NOTE.

Right to a mortgage given to secure a note passes by transfer of the note.

3. SAME—TRANSFER OF NOTE—EFFECT.

After indorsement of mortgage note to bank, assignment of mortgage to another party was a nullity and bank was equitable owner thereof although unaware of the fact.

4. SAME—ASSIGNMENTS—BANKRUPTCY OF MAKER OF NOTE.

Lien of mortgage given to secure note was not discharged through bankruptcy of maker of note where mortgagee had indorsed note to bank and subsequently assigned mortgage to another party, note was presented in bankruptcy as an unsecured claim in ignorance of existence of mortgage and order of discharge excepted such debts as are by law excepted from operation of a discharge in bankruptcy.

5. BANKRUPTCY—MORTGAGES—DISCHARGE—WAIVER.

Presentation of mortgage note by indorsee bank as an unsecured claim in bankruptcy proceeding of maker did not, in fact or law, free premises from mortgage nor estop bank from having further equitable relief where note had not been paid and bank, because of ignorance as to existence of mortgage, had not waived its right thereto as security for the debt.

6. SAME—DISCHARGE—MORTGAGES—DEFICIENCY.

Discharge in bankruptcy of mortgagor releases him from liability for deficiency in the event of foreclosure but does not discharge the mortgage.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted October 5, 1934. (Docket No. 107, Calendar No. 38,013.) Decided December 10, 1934.

Bill by Guy W. Atwood and Jennie W. Atwood against Edward F. Schlee and Arnold F. Zeleznik to have a mortgage declared void, for an injunction and other relief. First National Bank-Detroit intervenes as party defendant. Cross-bill by intervener against plaintiffs and defendants Schlee and Zeleznik to have itself declared owner of the mortgage and for foreclosure. Decree for intervener. Plaintiffs appeal. Affirmed.

*Dunham & Sherk,* for plaintiffs.

*Robert S. Marx* and *Henry F. Massnick,* for intervener.

WIEST, J. Plaintiffs, husband and wife, executed a mortgage to defendant Schlee to secure the note of the husband. The mortgage was valid. *LeMay* v. *Wickert,* 98 Mich. 628; *Ehle* v. *Looker,* 182 Mich. 248; *Federal Bond & Mortgage Co.* v. *Goldman,* 235 Mich. 571. The mortgage imposed no personal liability on the wife and, therefore, did not fall within the provisions of Act No. 158, Pub. Acts 1917 (see 3 Comp. Laws 1929, § 13062 *et seq.*), for that act only removed some common-law disability of a wife and does not impose any restraint unknown at common law. *Kies* v. *Walworth,* 250 Mich. 34; *Seymour* v. *Powers,* 255 Mich. 624.

Defendant Schlee indorsed the mortgage note to the defendant bank and later assigned the mortgage to defendant Zeleznik. Mr. Atwood paid some to the bank on the note and then gave his note in renewal directly to the bank for the balance due. The bank had no knowledge of the mortgage security.

Mr. Atwood was adjudged a bankrupt and the bank proved its claim on the note and it was allowed but no dividend ever paid. Thereafter defendant Zeleznik started to foreclose the mortgage by advertisement, and plaintiffs filed the bill herein to enjoin the foreclosure and have the mortgage discharged because of discount of the note it was given to secure and subsequent replacement thereof by the new note directly to the bank. The bank, learning of the mortgage, intervened, asked that it be adjudged the owner of the mortgage and have foreclosure thereof, and it was granted such relief, from which plaintiffs appeal. The bill was taken as confessed by defendants Schlee and Zeleznik and issue framed between plaintiffs and the bank.

What are the rights between plaintiffs and the bank?

Plaintiffs claimed that when the note, secured by the mortgage, was indorsed by Schlee to the bank and thereafter taken up by Mr. Atwood's note directly to the bank, Schlee was discharged and the mortgage retained by him was also discharged.

It is elementary law that the right to a mortgage, given to secure a note, passes by transfer of the note. *Ladue* v. *Railroad Co.*, 13 Mich. 380, 395 (87 Am. Dec. 759); *Jones* v. *Titus*, 208 Mich. 392. The assignment of the mortgage by Schlee, the mortgagee, to Zeleznik, after Schlee had indorsed the mortgage note over to the bank, was a nullity. *Ladue* v. *Railroad Co., supra*, 396.

There is no claim of good faith on the part of Zeleznik. The bank was the equitable owner of the mortgage, but was unaware of the fact, when Mr. Atwood gave the renewal note and also at the time of the bankruptcy proceedings. The obligation the mortgage was given to secure has not been paid by Mr. Atwood. *Molsons Bank* v. *Berman*, 224 Mich.

606 (35 A. L. R. 1289), and the mistaken presentation of it as an unsecured claim did not, in fact or law, free the mortgaged premises nor estop the bank from having remedy in accord with equity and good conscience.

The Federal court order of discharge in bankruptcy very properly excepted "such debts as are by law excepted from the operation of a discharge in bankruptcy."

The mortgage lien was not discharged by such order or by operation of the bankruptcy act. See *Hiscock* v. *Varick Bank of New York,* 206 U. S. 28 (27 Sup. Ct. 681). There was no waiver or estoppel.

"It is a waiver of the security if made with knowledge of the facts; but even an express relinquishment of securities made in ignorance of facts may not be a waiver. And where no one has been caused to change his position thereby the claim may be withdrawn and one proving the debt as secured be substituted. And the creditor may be reinstated in the security so relinquished, where the estate will be left no worse off than if the security had not been originally relinquished. And a relinquishment made in ignorance or mistake of law also is not necessarily a waiver." 2 Remington on Bankruptcy (3d Ed.), p. 325, § 933.

Mr. Atwood's discharge in bankruptcy released him from personal liability for a deficiency, if any, upon foreclosure of the mortgage, but did not discharge the mortgage. See *Scott* v. *Ellery,* 142 U. S. 381 (12 Sup. Ct. 233).

The decree is affirmed, with costs to defendant bank.

Nelson Sharpe, C. J., and Potter, North, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred. Fead, J., did not sit.