Maxine Devlin MOORE, Appellant,

v.

John C. JONES, Appellee.

No. 4820.

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1954.

Rehearing Denied Oct. 4, 1954.

Robert Hill, Wichita, Kan. (Howard T. Fleeson, Wichita, Kan., Homer V. Gooing, Huntington Park, Cal., Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk and Gerrit H. Wormhoudt, Wichita, Kan., were with him on the brief), for appellant.

Malcolm Miller, Wichita, Kan. (George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Robert N. Partridge and Robert M. Siefkin, Wichita,

Kan., were with him on the brief); for appellee.

Before BRATTON and MURRAH, Circuit Judges, and RITTER, District Judge.

BRATTON, Circuit Judge.

This is a proceeding for a declaratory judgment determining the rights of the parties under a post-nuptial contract. Maxine Devlin Moore, formerly Maxine Devlin Jones, instituted the action against John C. Jones. The parties were formerly husband and wife; and while still married, they entered into the contract. Thereafter they were divorced; and the decree of divorce provided, among other things, that the contract should constitute the judgment of the court upon all issues and subject matter therein contained. The substance of the cause of action pleaded in the complaint in this cause for a declaratory judgment was that under the contract plaintiff acquired from defendant, among other property, an undivided one-half interest in and to the oil, gas, and other minerals and mineral interests in and to four described tracts of land in Finney County, Kansas, and a like interest in and to four tracts in Haskell County, Kansas, subject, however, to an existing oil and gas lease, and also subject to the unpaid balance of two existing real estate mortgages, covering such lands; that the delay rent and royalty under such lease was assigned to apply upon the mortgages; that on or about July 13, 1951, the defendant made full payment of the mortgage indebtedness, then approximately $41,-000 in amount; that the mortgages were released; that payment of the balance due upon the mortgage indebtedness and release of the mortgages terminated all claims of the defendant against plaintiff's mineral estate and the royalty derived therefrom; that the defendant wrongfully contended that the royalty payments derived from the mineral estate acquired by plaintiff should be applied to the extent of approximately $11,-000 toward satisfaction of a new mortgage indebtedness owed exclusively by the defendant; and that as the result of such contention on the part of the defendant, the purchaser of the gas production from plaintiff's mineral estate had impounded and was continuing to impound plaintiff's royalty proceeds until her rights thereto should be determined to be free from the claims asserted against them. Defendant answered, and pretrial conferences were held at which it became apparent that there was no genuine issue between the parties as to any material fact. Each party filed a motion for summary judgment. The motion of plaintiff was denied; the motion of defendant was granted; summary judgment was entered in favor of defendant; and plaintiff appealed. For convenience, continued reference will be made to the parties as plaintiff and defendant, respectively.

The judgment is contested on the ground that the defendant was under the duty to see that the mortgage indebtedness referred to in the contract was paid and plaintiff's mineral estate in and to the lands described in the complaint freed therefrom; that all claims against such mineral estate terminated upon payment of the mortgage indebtedness and release of the mortgages; and that since that time, plaintiff has been entitled to receive for herself in her own right the income from such mineral estate. It has been consistently held in Kansas that where a contract does not contravene legal principles, applicable statutes, or the public policy of the state, it should be construed in such manner as to carry out the mutual intention of the parties. Berg v. Scully, 120 Kan. 637, 245 P. 119; Francis v. Shawnee Mission Rural High School, 161 Kan. 634, 170 P.2d 807; In re Hill's Estate, 162 Kan. 385, 176 P.2d 515; Schoonover v. Igleheart Bros., 163 Kan. 689, 186 P.2d 109; Foltz v. Struxness, 168 Kan. 714, 215 P.2d 133. The intention of the parties and the meaning of the language used is to be gathered from the instrument as a whole. In re Koellen's Estate, 162 Kan. 395, 176 P.2d 544; Maltby v. Sumner, 169 Kan. 417, 219 P.2d 395; Eagle-Picher Co. v. Mid-Continent Lead & Zinc Co., 10 Cir., 209 F.2d 917.

But where the language used is ambiguous and the intention of the parties cannot be ascertained therefrom the background against which the contract was executed and the circumstances attending its execution should be taken into consideration as an aid to the ascertainment of such intent. Brown v. Shields, 78 Kan. 305, 96 P. 351; Chanute Brick & Tile Co. v. Gas Belt Fuel Co., 82 Kan. 752, 109 P. 398; In re Welch's Estate, 170 Kan. 107, 223 P.2d 978. And where the language is doubtful or uncertain, a practical construction which the parties placed upon the contract over a long period of performance is strongly persuasive in arriving at their intent and purpose. Brown-Crummer Investment Co. v. Arkansas City, 125 Kan. 768, 266 P. 60; Fred Mosher Grain v. Kansas Co-operative Wheat Marketing Ass'n, 136 Kan. 269, 15 P.2d 421; Missouri Pac. R. Co. v. Chicago Great Western R. Co., 137 Kan. 217, 19 P.2d 484, certiorari denied, 290 U.S. 634, 54 S.Ct. 52, 78 L.Ed. 551; Heckard v. Park, 164 Kan. 216, 188 P.2d 926, 175 A.L.R. 605; Winter v. Miller, 10 Cir., 183 F.2d 151.

■ With the light afforded by these familiar rules, we come to consider the contract. The contract provided that plaintiff should have as her sole and separate property certain described personalty, a certain tract of land in Finney County, Kansas, a certain tract in Grant County, Kansas, and a certain tract in Kiowa County, Colorado. It further provided that plaintiff should have as her sole and separate property an undivided one-half interest in and to the oil, gas, and other minerals and mineral rights in and to the land described in the complaint in this cause, subject however to the existing oil and gas lease, and the unpaid balance of the real estate mortgages then covering such lands, together with other lands, both of such instruments then being owned and held by Helmerich & Payne, Inc. It further provided that the defendant should pay all debts, secured and unsecured, upon which plaintiff, or any of her separate estate, might be liable, including a debt of $1,000 due to her father; that in the event the defendant should fail, neglect, or refuse to pay such debts within a reasonable time and the plaintiff should be required to pay or should pay them, or any part thereof, the debts or obligations so paid should become due and owing to the plaintiff and she should become subrogated to the rights of the respective creditors to whom such payment was made; and that she should have a lien upon all of his property for such sum or sums so paid in the same manner and with like effect as though a mortgage was duly and properly executed and delivered to her therefor. It further provided that all delay rental or royalty from the oil and gas lease to Helmerich & Payne, Inc., which included the real property under which the plaintiff was taking an undivided one-half mineral interest, had theretofore been assigned to Helmerich & Payne, Inc., to apply upon the mortgages involving such lands, and other lands; that such assignment of rental or income should remain in full force and effect only so long as was necessary for the payment of the unpaid balance of such mortgages and until the defendant or any part of his lands included in such mortgages should be released therefrom; that nothing contained in the particular paragraph in the contract should be construed as granting to the defendant the right or privilege of delaying the full payment and securing release of such mortgages within a reasonable time, and as soon as it was possible for him to do so; and that the defendant should not receive directly or indirectly the benefits of any of the oil and gas revenue for his own use prior to the releasing of such mortgages. It further provided that the defendant should take and have for his sole and separate estate all of the rest, residue, and remainder of the real and personal property belonging to him or to the parties jointly and severally. And it further provided that each party released and relinquished any and all title, right, or claim, in and to the property set over to the other; and that all documents necessary to accomplish that end would be executed. One of the primary purposes of the contract was to ascertain and set apart to plain-

tiff as her sole and separate estate a net share of the common property of the two spouses. A part of such common property set apart to her was a mineral interest. That interest was subject to outstanding mortgages, a mineral lease, and an assignment of the rent and royalty under the lease. Her estate was limited in its net value to her by whatever rent and royalty accruing under such interest was required to satisfy proportionately the mortgage indebtedness. That was the effect of the contract. Under the contract, the right of plaintiff to any part of the rental and royalty was to mature only upon payment of the balance due upon the mortgage indebtedness. Until full payment of the balance due upon such indebtedness, she was not to realize for her own benefit any of the rental or royalty. That special provision in the contract amounted to an express continuation of an existing commitment of the rental and royalty attributable to the plaintiff's undivided one-half interest in the mineral estate until the mortgage indebtedness was paid in full. And for more than five years after the parties entered into the contract containing such provision, all of the rental and royalty accruing under the lease—that attributable to the interest of plaintiff and that attributable to the interest of defendant—was paid regularly to the holder and owner of the mortgage indebtedness, with no protest or complaint from plaintiff. That conduct indicated clearly an understanding of the parties that the rental and royalty attributable to the interest of plaintiff in the mineral estate was to be paid to the holder and owner of the mortgage indebtedness until such indebtedness was paid.

■ But plaintiff urges with vigor the contention that the mortgage indebtedness was paid, and that at all times since its payment she has been and is entitled to receive in her own right the part of the rent and royalty attributable to her undivided one-half interest in the mineral estate in the lands described in the complaint. The mortgages covered not only the land set apart to plaintiff but also that set apart to defendant. At the time of the execution of the contract, the indebtedness secured by the mortgages was approximately $64,000 in amount. After the execution of the contract, Mutual Life Insurance Company acquired the indebtedness and the mortgages securing it. In July, 1951, the indebtedness had been reduced to approximately $42,000. At that time the defendant obtained from Travelers Insurance Company a loan in the approximate amount of $165,000 and executed therefor a note and a real estate mortgage to secure the note. Out of the proceeds of such loan, Travelers Insurance Company paid directly to Mutual Life Insurance Company the balance then due upon its indebtedness and paid the remainder to the defendant. In other words, so much of the proceeds of the loan as was required to pay the balance due upon the indebtedness held by Mutual Life Insurance Company was paid to that company by Travelers Insurance Company and the balance was paid to the defendant. Upon receipt of such payment, Mutual Life Insurance Company executed and delivered conventional releases of the mortgages held by it; and the mortgage given to Travelers Insurance Company was placed of record. It may well be that in respect to the rights of the two insurance companies, the transaction constituted payment of the mortgage indebtedness referred to in the contract. But there is no need to explore that field as no question is presented concerning the rights of either of such companies. The test to be presently applied is whether as between the parties to the contract and to this action, the transaction constituted payment of the original indebtedness, within the intent and meaning of the contract. The contract did not provide that the assignment of the rent and royalty under the lease should continue in force and effect until the mortgage indebtedness was satisfied. Neither did it provide that such assignment should continue in force and effect until the mortgage indebtedness was paid in cash, with the proceeds of a new loan, or otherwise. It provided without condition or qualification that such assignment should continue in force and effect until pay-

ment of the balance due upon such indebtedness. And within the intent and meaning of that provision, the satisfaction of the indebtedness out of the proceeds of a new loan evidenced by a new note and secured by a new mortgage did not constitute payment. It merely changed the form of the indebtedness from one note secured by two mortgages to another note secured by another mortgage. The indebtedness was not extinguished. It remained in existence. Cf. Pearce v. Buell, 22 Or. 29, 29 P. 78; Hoy v. Biladeau, 110 Or. 591, 223 P. 241; Erwin v. Breese, 188 Okl. 391, 109 P.2d 507; Montgomery v. Wade, 195 Okl. 60, 154 P.2d 943; Oakman v. Hurd Lumber & Woodwork Co., 250 Mich. 672, 230 N. W. 921. Defendant and his estate continued to be liable for it. And plaintiff is not entitled to receive in her own right any of the proceeds of the rent and royalty under the lease until an amount thereof attributable to her interest in the mineral estate equal to her proportionate share due upon the original indebtedness at the time of the release of the mortgages has been applied upon the debt presently due to Travelers Insurance Company, or has been effectively freed from the commitment.

The judgment is affirmed.