**FIRST STATE BANK, Armour, South Dakota, Plaintiff and Appellee,**

v.

**Bennis ZOSS and Donna Zoss, Defendants and Appellants.**

No. 13234.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided Nov. 10, 1981.

Rehearing Denied Dec. 17, 1981.

Douglas J. Luebke of Horstman, Braley & Luebke, Armour, for plaintiff and appellee.

Robert L. Jones, Sioux Falls, for defendants and appellants.

**PER CURIAM.**

This is an appeal from a judgment in an action to foreclose a mortgage. We affirm.

On April 9, 1977, the Zosses (appellants), as mortgagors, executed a note at 9½% interest and a mortgage to First State Bank, Armour, South Dakota (appellee). On December 26, 1978, appellants filed petitions in bankruptcy. Discharges of bankrupts were entered on February 26, 1979. Appellee commenced this action to foreclose its mortgage in June of 1979. The complaint prayed for sale of the real estate to satisfy and foreclose the mortgage, for judgment against the appellants for the mortgage debt, and for interest and a "late charge" of 4% of each installment not paid when due. Appellants counterclaimed for attorney's fees for having to defend the action. During the pendency of the action the property was sold and the debt, interest and "late charges" were paid. The court concluded that the late charges were not usurious and that appellee's action was not an attempt to hold appellants personally liable but rather a prerequisite to foreclosure. Judgment was entered dismissing appellants' counterclaim for costs incurred in defending the action and for return of the interest paid.

Appellants contend that the appellee's action was an attempt to obtain a personal judgment in violation of the injunctions of the discharges in bankruptcy. They claim that this violation should have entitled them to a judgment on their counterclaim for attorney's fees. A discharge in bankruptcy, however, does not affect the lien of a mortgage. *Prebyl v. Prudential Ins. Co. of America*, 98 F.2d 199 (8th Cir. 1938), cert. denied, 305 U.S. 641, 59 S.Ct. 151, 83 L.Ed. 413 (1938); *Atwood v. Schlee*, 269 Mich. 322, 257 N.W. 712 (1934); *Selway v. Daut*, 67 Mont. 262, 215 P. 646 (1923); see 11 U.S.C. § 524(a) (1978) (comparable to former 11 U.S.C. § 32(f), Bankruptcy Act § 14(f)). A discharge is no bar to a subse-

quent foreclosure but only relieves the bankrupt from personal liability. *Oakman v. Hurd Lumber & Woodwork Co.*, 250 Mich. 672, 230 N.W. 921 (1930). *Selway v. Daut,* supra. The discharge only prevented the appellee from holding appellants personally liable and did not bar an action to foreclose the mortgage.

We have examined the other issue raised by appellants and find it to be without merit.

The judgment of the court below is affirmed.

DUNN, J., deeming himself disqualified, did not participate.