EDWARDS & CHAMBERLIN HARDWARE CO. *v.* PETHICK.

1. BANKRUPTCY—BANKRUPT DISCHARGED FROM ALL PROVABLE DEBTS.
   Under section 35 of the bankruptcy law (11 USCA), a bankrupt is discharged from all provable debts although no proof thereof be submitted by creditor.

2. HUSBAND AND WIFE—JOINT JUDGMENT MAY BE SATISFIED OUT OF PROPERTY HELD BY ENTIRETIES.
   Under Act No. 158, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 11488), a written obligation executed by husband and wife, may, after recovery of a joint judgment, entered pursuant thereto, be satisfied out of any property held by them by entireties.

3. JUDGMENT—QUASI IN REM—HUSBAND AND WIFE—ESTATES BY ENTIRETIES.
   While judgment against husband and wife in action on joint obligation for purpose of subjecting property held by them by entireties to the payment of the claim asserted is not, strictly speaking, one *in rem,* it may be said to be *quasi in rem.*

4. BANKRUPTCY—DISCHARGE—HUSBAND AND WIFE.
   Husband's discharge in bankruptcy is no bar to recovery of joint judgment against husband and wife in action on note signed by both of them in conformity with Act No. 158, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 11488).

Case-made from Berrien; White (Charles E.), J. Submitted January 7, 1930. (Docket No. 11, Calendar No. 34,156.) Decided April 7, 1930.

Assumpsit by the Edwards & Chamberlin Hardware Company, a corporation, against John and Lulu Pethick, husband and wife, on a jointly executed promissory note. Plaintiff reviews judgment for defendants by case-made. Reversed.

*Stuart B. White,* for plaintiff.

*Charles H. Kavanagh,* for defendants.

Sharpe, J. This action is brought to recover on a promissory note, reading as follows:

"$645.          Kalamazoo, Michigan, March 23, 1926.
"Six months after date we promise to pay to the order of The Edwards & Chamberlin Hardware Company, Kalamazoo, six hundred and forty-five and no-100 dollars at The First National Bank, Kalamazoo, Michigan. Value received with interest at 7 per cent. per annum. No undue influence or constraint has been exerted against Lulu Pethick in the execution of this instrument,"

and signed by both defendants, who are husband and wife. It was tried by the court without a jury. A judgment for defendants is here for review on case-made.

The facts are undisputed. On December 16, 1926, the defendant John Pethick was adjudged a bankrupt by the United States district court. The note was scheduled by him in the list of his liabilities. Plaintiff, although duly notified, made no proof thereof. On March 29, 1928, Pethick "was duly discharged  *  *  *  from all his provable debts."

It is stipulated "that no individual judgment can be rendered against Lulu Pethick alone, and judgment must be against both or neither," and that the question for discussion is, "Does the discharge in bankruptcy of John Pethick bar the rendition of a joint judgment against him and Lulu Pethick?"

The power to establish "uniform laws on the subject of bankruptcies throughout the United States" is conferred upon congress by article 1, § 8, cl. 4, of the Federal Constitution. Under section 25 of the general bankruptcy law (11 USCA), as codified by congress in 1926, it is made the duty of the bankrupt to file "a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors * * * ."

Under section 32 (11 USCA), a bankrupt is entitled to a discharge on his application therefor if, after a hearing and the consideration of such proofs as the trustee in bankruptcy or the parties in interest shall submit, it appears that he has complied with the provisions of the law, and has not refused to obey any lawful order of the court. This property was treated as exempt from the bankruptcy proceedings.

Section 35 (11 USCA) provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as" etc.

It is not suggested that the facts here appearing are within any of such exceptions. If the debt be provable, the bankrupt is discharged therefrom, although no proof thereof be submitted by the creditor.

. "The court in which the debt is proceeded on is the only proper forum to determine whether a discharge releases such debt." Gilbert's Collier on Bankruptcy, p. 386.

That the discharge is a bar to the enforcement of plaintiff's claim against the husband personally, there can be no doubt. Plaintiff, however, here seeks to recover a joint judgment against the husband and wife under the provisions of Act No. 158, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 11488). A copy thereof appears in the margin.[1] This act

---

1 AN ACT abrogating the common law disability of married women insofar as to make and render them competent to bind themselves and become liable with their husbands upon any written instrument, so as to subject the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, and all crops, rents, profits or proceeds thereof or taken therefrom, to the payment and satisfaction of judgments and decrees of courts rendered upon such written instruments and providing for the enforcement of such liabilities, and to repeal all acts or parts of acts contravening the provisions of this act.

*The People of the State of Michigan enact:*

SECTION 1. The common law disability of married women to make and enter into the class or kind of contracts hereinafter specified in section two, is hereby abrogated and abolished.

SEC. 2. Hereafter married women shall be possessed of the power and capacity, and it shall be competent for them to bind and make themselves jointly liable with their husbands upon any written instrument as hereinafter provided. Such instrument shall contain a statement that no undue influence or constraint has been exerted against the wife in the execution thereof. Said liability to extend, however, only to the property described in the following section.

SEC. 3. Hereafter the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, shall be liable to seizure and sale on execution in satisfaction of any judgment which has been recovered against the husband and wife jointly on any instrument signed by both and on which such husband and wife have been found jointly liable.

SEC. 4. Such judgment or decree shall be enforced in all respects as now provided by law, except this, that in all cases where such liability is sought to be enforced as against the real estate of the husband and wife owned by them jointly as tenants by entirety or the crops, rents, profits or proceeds thereof or taken therefrom, the judgment or decree shall recite and it shall be the duty of the court to determine in such suit or proceeding whether such judgment or decree is rendered upon any written instrument and whether the parties defendant in such suit or proceeding and against whom such judgment or decree is rendered, were at the date of delivery of such in-

abrogates the common-law disability of married women to enter into certain kinds of contracts, and provides that it shall be competent for them to make themselves jointly liable with their husbands upon any written instrument executed by them both. The provision in section 2 that the instrument shall contain a statement that no undue influence or constraint has been exerted against the wife has been eliminated by amendment (Act No. 287, Pub. Acts 1929).

The purpose of this act is apparent. Prior to its enactment, a husband and wife whose only property interests were held by them by the entireties had much difficulty in obtaining credit. At common law, neither of them could deal with the estate so held apart from the other. Neither had any interest which could be subjected by creditors so as to affect the rights of the survivor. Under this statute, a written obligation, executed by both of them, may, after recovery of a joint judgment, entered pursuant thereto, be satisfied out of any property held by them by entireties. The statute will be of no benefit to a creditor relying on it as a means of enforcing a joint obligation so created if the husband, by securing a discharge in bankruptcy, may deprive him of his right to a joint judgment against them both.

The plaintiff is not here seeking to obtain a personal judgment against the husband. Under the

strument husband and wife, naming them, which recital of fact for the guidance of the officer shall be indorsed upon any writ of execution or other process issued thereon or for the collection thereof, which recital shall be conclusive as against the husband and wife and authorize the enforcement of such judgment or decree as against all property subject to the satisfaction thereof by virtue of this act.

SEC. 5. The provisions of this act shall not be construed to apply to any property otherwise exempted under the Constitution or laws of this State.

SEC. 6. All acts or parts of acts contravening the provisions of this act are hereby repealed.

Approved May 2, 1917.

provisions of section 4, it is made the duty of the court to determine whether the judgment is rendered upon such a written instrument as the wife may render herself liable upon jointly with her husband, and its recital thereof in the judgment shall be indorsed on the execution, if one be issued, for the guidance of the officer making levy thereunder. Satisfaction may then be had out of any property held by them by the entireties. It is presumed that he has turned over all his property to the trustee in bankruptcy. But he had no such interest in that held by him and his wife by the entireties as rendered it subject to the claims of his creditors in the bankruptcy proceeding.

While the action is not, strictly speaking, one *in rem,* it may be said to be *quasi in rem.* In 15 R. C. L. p. 630, it is said:

"Some authorities make a distinction between actions *in rem* and proceedings *quasi in rem,* applying the latter term to suits brought against persons where the plaintiff's object is to subject certain property of those persons to the payment of the particular claims."

"It is true that, in a strict sense, a proceeding *in rem* is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein." *Pennoyer* v. *Neff,* 95 U. S. 714, quoted approvingly in *Arndt* v. *Griggs,* 134 U. S. 316, 326 (10 Sup. Ct. 557).

In *Cackley* v. *Smith,* 47 Kan. 642 (28 Pac. 617, 27 Am. St. Rep. 311), the court said:

"Text-writers and courts make a distinction between actions *in rem* and proceedings *quasi in rem,*

and the latter term is applied to suits brought against persons where the plaintiff's object is to subject certain property of those persons to the payment of the claims asserted. * * * 'Indeed, all proceedings having for their sole object the sale or other disposition of the property of the defendant to satisfy the demand of the plaintiff are in a general way thus designated.' "

The execution of the note sued upon may be said to have been an undertaking on the part of both husband and wife that any property owned by them by the entireties might be resorted to for its payment. His interest in the property owned by them by the entireties is not a severable one. The statute simply gives the creditor a right to obtain a joint judgment which may be enforced by levy and sale of the property of which they have ownership by the entireties. It is to be presumed that it was by reason of such ownership that the credit was extended. The obligation was entered into in conformity with the terms of the statute so that redress might be had thereunder. If the discharge in bankruptcy of the husband is a bar to the recovery of a joint judgment, the statute, in many cases, will accomplish no purpose. In our opinion, the plaintiff is entitled to a judgment in form and substance as provided for therein.

We find no authority directly bearing on the question presented. Counsel do not call our attention to, nor have we been able to find, any State statute containing similar provisions. The rules announced by the courts relative to the effect of such discharges in our opinion have no application.

The judgment is reversed, and a new trial granted, with costs to appellant.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.