McPHERSON v. GREGORY.

1. HUSBAND AND WIFE—STATUTES—TENANCY BY THE ENTIRETY..

Notes executed by husband and wife are obligations covered by statute abrogating common-law disability of married women, hence, are valid and enforceable obligations against property held by them· as tenants by the entirety notwithstanding husband's discharge in bankruptcy and wife's claim notes were not given for the benefit of her separate estate (3 Comp. Laws 1929, §§ 13062–13067).

2. RECEIVERS—INSOLVENCY—BANKS—CORPORATIONS.

Receiver of an insolvent bank has all the powers and authority and is charged with the duties and obligations of a receiver in case of the voluntary dissolution of a corporation (3 Comp. Laws 1929, § 15337).

3. SAME—CORPORATIONS—ASSIGNEE FOR BENEFIT OF CREDITORS.

Permanent receiver appointed in case of voluntary dissolution of a corporation is vested with all its real and personal estate; is trustee thereof for benefit of its creditors and stockholders; has all the powers, authority and remedies of an assignee for an insolvent debtor and, except as otherwise provided by

statute, is subject to all the duties and obligations of such an assignee (3 Comp. Laws 1929, § 15315).

4. Banks and Banking—Receivers—Action—Real Party in Interest.

Receiver of insolvent bank *held,* real party in interest with power to sue in his own name on notes due bank (3 Comp. Laws 1929, §§ 14010, 15315, 15337, 15354).

5. Same—Parties.

Receiver of bank who brings an action on obligation due bank need not bring action in name of bank for use and benefit of himself as receiver or for use and benefit of bank's creditors and stockholders but may sue in his own name as receiver since he is the real party in interest (3 Comp. Laws 1929, §§ 14010, 15315, 15337, 15354).

Appeal from Oakland; Collingwood (Charles B.), J., presiding. Submitted April 10, 1935. (Docket No. 89, Calendar No. 38,364.) Decided May 17, 1935.

Assumpsit by Hugh A. McPherson, receiver of the Pontiac Commercial & Savings Bank, against John N. Gregory and Lucile Gregory on promissory notes. Judgment for plaintiff. Defendants appeal. Affirmed.

*Patterson & Patterson,* for plaintiff.

*Robert D. Heitsch,* for defendants.

Potter, C. J.    Plaintiff, receiver of the Pontiac Commercial & Savings Bank, sued defendants to recover judgment upon five separate promissory notes given by defendants to the bank. The form of the notes, except numbers, dates and amounts, was substantially as follows:

"No. 169479                                                    $2,500

"Pontiac, Mich., Feb. 22, 1931.

"Ninety days after date, for value received, we the undersigned, being husband and wife, jointly

promise to pay to the order of the Pontiac Commercial and Savings Bank, two thousand five hundred and 00/100 dollars at said bank with interest at seven per cent. per annum, payable annually. All indorsers and parties hereto jointly and severally waive presentment for payment, protest and notice of protest thereof for nonpayment of this note and consent that time of payment may be extended without notice. We hereby certify that no undue influence or restraint has been exerted against the undersigned in the execution hereof.

"Mrs. Lucile Gregory.

"John N. Gregory,
Lucile Gregory.

"No. .... Due 5-23-31.
"P. O. Address:
294 S. Saginaw St."

Plaintiff recovered a judgment against defendants jointly. Defendant John N. Gregory, after giving the notes sued upon, was adjudicated a bankrupt in the United States district court for the eastern district of Michigan, and before a judgment was recovered herein had been discharged in bankruptcy.

Defendants appeal, claiming the notes were not given for the benefit of Mrs. Gregory's separate estate, and were not originally or otherwise binding on her, she being a married woman and the wife of John N. Gregory; that the debts evidenced by the several promissory notes were the debts of John N. Gregory and his liability thereon had been discharged in bankruptcy, and hence defendants were entitled to judgment of no cause of action.

The rule formerly in force in this State was that the contract of a married woman, to be binding upon her, must have related to her sole and separate estate—be a contract in her own interest, for her own benefit. Many people possessed of considerable

real estate and other property held such property as tenants by the entirety and found it difficult to borrow money on their promissory notes or to obtain property on credit, and many business houses and financial institutions found also the old law rule stood in the way of the enforcement of honest obligations, and there grew up a demand for a modification of the old rule so as to make property held by a husband and wife jointly liable for their joint obligations. Act No. 158, Pub. Acts 1917, was passed, and subsequently amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 13062–13067, inclusive).

This statute has been frequently construed. *Edwards & Chamberlain Hardware Co.* v. *Pethick,* 250 Mich. 315 (82 A. L. R. 1232); *Duncan* v. *Kirker,* 252 Mich. 353; *Ehinger* v. *Fiske,* 261 Mich. 240; *Wilmarth* v. *Buys,* 263 Mich. 285; *Montz* v. *Reutter,* 268 Mich. 357; *Windmill Point Land Co.* v. *Jackson,* 269 Mich. 50. Many other cases have passed upon it. The notes involved are covered by its terms, are valid and enforceable obligations against the property held by Gregory and wife as tenants by the entirety.

Defendants claim plaintiff was not the real party in interest entitled to bring suit, but that the same should have been brought by the Pontiac Commercial & Savings Bank, a Michigan corporation.

The receiver of an insolvent bank has all of the powers and authority, and is charged with the duties and obligations of a receiver in case of the voluntary dissolution of a corporation. 3 Comp. Laws 1929, § 15337.

The permanent receiver appointed in case of the voluntary dissolution of a corporation is vested with all the estate, real and personal, of such corpora-

tion; is trustee thereof for the benefit of its creditors and stockholders; has all the powers, authority and remedies of an assignee for an insolvent debtor; and is subject to all the duties and obligations of such an assignee, except where other provisions are made by statute. 3 Comp. Laws 1929, § 15315.

What powers, authority and remedies has an assignee of an insolvent debtor?

Section 15354, 3 Comp. Laws 1929, provides:

"Among other things the said assignee shall have power to:

"1. Sue in his own name as such assignee and recover all the estate, debts and things in action belonging or due to such assignor in the manner and with like effect as he might or could have done if an assignment had not been made, but no suit in chancery shall be brought by the assignee involving less than five hundred dollars without the consent of the court;

"2. Take into his hands all the estate of such assignor whether delivered to him or afterwards discovered, and all books, vouchers and papers relating to the same;

"3. From time to time sell the assets at public auction or at private sale, as herein provided;

"4. Redeem all mortgages and conditional contracts or other incumbrances and pledges of personal property; or sell such property subject to such incumbrances, contracts or pledges;

"5. Settle all matters and accounts between such assignor and his debtors and creditors and examine, on oath to be administered by him, any person touching such matters and accounts;

"6. Compound with any person indebted to such assignor, under order of said court or judge;

"7. Prosecute or defend suits pending in favor of or against said assignor."

So that, by the express terms of the statute governing the rights of the plaintiff, he had a right to sue upon the notes in question in his own name. It is now no longer necessary for an assignee to sue in the name of his assignor, nor is it necessary for a receiver of a bank, under the law of this State, to bring an action in the name of the bank for the use and benefit of himself as receiver or for the use and benefit of the creditors and stockholders of the bank.

Section 14010, 3 Comp. Laws 1929, provides:

"Every action shall be prosecuted in the name of the real party in interest."

Plaintiff, as receiver, by the express terms of the statutes prescribing his powers and duties, stands in the position of an assignee. An assignee is a real party in interest, and may sue in his own name without alleging that he sues as assignee. We note the judgment is not in statutory form.

Other questions are raised, but they are not important. Judgment affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.