## WESORICK *v.* WINANS.

JUDGMENT—VENDOR AND PURCHASER—BREACH OF EXECUTORY CONTRACT—HUSBAND AND WIFE.

In action against husband and wife for damages for breach of an executory land contract, vendors are not required, in their declaration, to ask for a special form of judgment in order to be entitled to joint judgment against defendants after husband's discharge in bankruptcy (3 Comp. Laws 1929, § 13065).

SHARPE, J., dissenting.

Appeal from Kent; Perkins (Willis B.), J. Submitted June 4, 1936. (Docket No. 65, Calendar No. 39,017.) Decided November 9, 1936.

Action by Joseph S. Wesorick and wife against Robert R. Winans and wife for damages for breach of an executory land contract. Judgment for defendants. Plaintiffs appeal. Reversed and judgment ordered entered for plaintiffs.

*Emil B. Rasmussen* (*Irving H. Smith,* of counsel), for plaintiffs.

*Linsey, Shivel, Phelps & Vander Wal,* for defendants.

Sharpe, J. (*dissenting*).  May 7, 1930, plaintiffs entered into a contract with defendants whereby they (plaintiffs) agreed to sell defendants a certain piece of real estate for the purchase price of $2,700. On June 11, 1934, defendants moved out of the premises and plaintiffs moved in on July 12, 1934.  On July 16, 1934, plaintiffs commenced the instant action to recover damages for breach of an executory land contract.  At the time of repossession, defendants had paid a total sum of $741 on the contract and the value of the premises at that time was $1,500.  Deducting the value of the premises plus the amount paid on same from the original contract price plus interest, taxes and fire insurance premiums paid by plaintiffs would leave a balance of $1,283.36 which plaintiffs claim they are entitled to recover.

On or about June 8, 1934, the defendants notified plaintiffs that they would not go on with the contract and that they were going to move.  They moved June 11th and July 12th plaintiffs reoccupied the premises, repaired and improved the property and rented the same.  The record also shows that the defendant Robert R. Winans filed his petition in bankruptcy March 24, 1934, and was adjudicated a bankrupt the same day; and received his discharge June 15, 1934.  In the bankruptcy proceedings plaintiffs were scheduled as secured creditors and the subject matter of the executory land contract was scheduled as an asset in the bankruptcy case.

The trial court held that the acts and conduct of plaintiffs amounted to a forfeiture of the land contract by the vendors and denied recovery.  Plaintiffs appeal and contend that the contract being abandoned by the vendees, the vendors may treat the contract at an end and sue for damages.  In the early case of *Allen* v. *Mohn,* 86 Mich. 328 (24 Am.

St. Rep. 126), the contract contained a forfeiture clause similar to the one in the land contract before us. The court said:

"Upon the abandonment of the contract and of the premises by defendant plaintiff had his choice of three remedies:

"1. Bill for specific performance.

"2. Suit at law to recover the purchase price.

"3. A repossession of the premises, and a suit to recover damages for a breach of the contract.

"This latter remedy is supported by the following authorities: *Old Colony R. Co.* v. *Evans,* 6 Gray (72 Mass.), 25 (66 Am. Dec. 394); *Griswold* v. *Sabin,* 51 N. H. 167 (12 Am. Rep. 76); *Meason* v. *Kaine,* 67 Pa. 126, 63 Pa. 335; *Porter* v. *Travis,* 40 Ind. 556; *Wasson* v. *Palmer,* 17 Neb. 330 (22 N. W. 773). In such case the measure of damages is the difference between the contract price and the value of the land at the time of abandonment and re-entry, less what has been paid. This rule is just, and places vendor and vendee upon a footing of equality and mutuality. In order to deprive the vendor of this remedy it must either be excluded by the terms of the contract, or waived by his acts and conduct. In this case the contract does not exclude it, nor has the plaintiff waived it."

In the instant case the vendors did not forfeit the land contract. They merely went into possession when the same was abandoned by the vendees. There appears to be no dispute that upon a breach of a land contract by the vendees, the vendors may sue for damages. *Stewart* v. *McLaughlin's Estate,* 126 Mich. 1; *Carter* v. *Reaume,* 159 Mich. 160; *St. John* v. *Richard,* 272 Mich. 670.

The next question to be determined is the effect of defendant Robert Winans' discharge in bankruptcy in relation to the present proceedings. In the bankruptcy proceedings plaintiffs were scheduled as se-

cured creditors and the subject matter of the executory land contract was scheduled as an asset, while in the present cause, the action was brought against Robert Winans and Marie Winans for damages arising out of the breach of their executory land contract.

Plaintiffs contend that they are entitled to a judgment against the defendants in form and substance as provided for according to 3 Comp. Laws 1929, § 13065 (Act No. 158, Pub. Acts 1917, as amended):

"Such judgment or decree shall be enforced in all respects as now provided by law, except this, that in all cases where such liability is sought to be enforced as against the real estate of the husband and wife owned by them jointly as tenants by entirety * * * the judgment or decree shall recite and it shall be the duty of the court to determine in such suit or proceeding whether such judgment or decree is rendered upon any written instrument and whether the parties defendant in such suit or proceeding and against whom such judgment or decree is rendered, were at the date of delivery of such instrument husband and wife, naming them, which recital of fact for the guidance of the officer shall be indorsed upon any writ of execution or other process issued thereon or for the collection thereof, which recital shall be conclusive as against the husband and wife and authorize the enforcement of such judgment or decree as against all property subject to the satisfaction thereof by virtue of this act."

The discharge in bankruptcy is a bar to the enforcement of plaintiffs' claim against Robert Winans personally. In *Edwards & Chamberlin Hardware Co.* v. *Pethick*, 250 Mich. 315 (82 A. L. R. 1232), we said:

"The statute (Act No. 158, Pub. Acts 1917, as amended) simply gives the creditor a right to ob-

tain a joint judgment which may be enforced by levy and sale of the property of which they have ownership by the entireties.''

This case also holds that satisfaction of a written obligation, executed by a husband and wife out of property held by them by the entireties, must be made pursuant to the provisions of Act No. 158, Pub. Acts 1917, as amended. In the case at bar, plaintiffs' declaration does not ask for such a judgment and consequently they cannot recover.

The judgment of the trial court should be affirmed. Defendants may recover costs.

WIEST, J. It was not necessary for plaintiffs, in their declaration, to ask for a special form of judgment.

The judgment is reversed, with costs to plaintiffs, and cause remanded for entry of judgment for plaintiffs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL and TOY, JJ., concurred with WIEST, J. POTTER, J., did not sit.