KOLAKOWSKI *v.* CYMAN.

1. HUSBAND AND WIFE—JOINT OBLIGATIONS—TENANCY BY ENTIRETY.
   Property held in tenancy by entireties is liable to execution for joint debts of husband and wife by virtue of statute (3 Comp. Laws 1929, § 13062 *et seq.*).

2. EVIDENCE—JUDICIAL RECORDS—JOINT JUDGMENT.
   In action on joint promissory note of defendant husband and wife, circuit judge *held*, entitled under facts of the case, to inspect record of the principal case even though no independent proof as to whether judgment was joint or not was offered at hearing on defendant's petitions for perpetual stay of execution because of their intervening individual discharges in bankruptcy.

3. APPEAL AND ERROR—FINDING OF COURT—JOINT JUDGMENT—EVIDENCE.
   Finding of circuit judge at hearing on defendants' petition for perpetual stay of execution under judgment against them on joint note that the judgment was a joint judgment is accepted in absence of evidence to the contrary.

4. HUSBAND AND WIFE—JOINT JUDGMENT—DISCHARGE IN BANKRUPTCY OF HUSBAND.
   The discharge of a husband in bankruptcy does not preclude the subsequent rendition of a joint judgment against husband and wife which might be satisfied out of any property held by them by the entireties (3 Comp. Laws 1929, § 13062 *et seq.*).

5. SAME—DISCHARGE IN BANKRUPTCY OF WIFE AFTER LEVY.
   Discharge in bankruptcy of wife subsequent to levy of execution on property held by herself and husband as tenants by the entireties would be of no consequence where levy under joint judgment had been made at time of adjudication as bankrupt, as release from personal obligations could not, *per se*, operate to destroy lien upon her property, it being voidable, if at all, at suit of trustee in bankruptcy (3 Comp. Laws 1929, § 13062 *et seq.*).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REASONS AND GROUNDS FOR APPEAL—STATEMENT OF QUESTIONS INVOLVED.

Questions not mentioned in appellants' reasons and grounds for appeal or in their statement of questions involved need not be decided on appeal.

7. HUSBAND AND WIFE—DISCHARGE IN BANKRUPTCY.

The discharge in bankruptcy of neither husband nor wife nor both can preclude levy of execution on joint judgment against them on their property held by them as tenants by the entireties (3 Comp. Laws 1929, § 13062 et seq.).

8. COURTS—FEDERAL DECISIONS ON BANKRUPTCY LAW AS TO PROPERTY HELD BY ENTIRETIES.

Notwithstanding reasoning in Federal courts on bankruptcy questions relative to property held by the entireties, which appears to be contrary to that of prior decisions of this court, the latter follows its own decisions.

9. BANKRUPTCY—DIVIDENDS—SATISFACTION OF JOINT JUDGMENT.

Receipt of dividends on a claim in a husband's bankruptcy proceeding would not operate as a complete satisfaction of judgment on a joint note of husband and wife unless equal to amount thereof.

10. HUSBAND AND WIFE—ALLOWANCE OF JOINT CLAIM IN HUSBAND'S BANKRUPTCY PROCEEDING.

Allowance of a joint judgment against husband and wife as a claim in husband's bankruptcy proceeding does not preclude resort by judgment creditor to concurrent means of enforcing his judgment.

11. ELECTION OF REMEDIES—HUSBAND AND WIFE—BANKRUPTCY—TENANCY BY ENTIRETIES.

The doctrine of election of remedies does not apply to prevent holder of judgment on joint note against husband and wife from first presenting his claim against husband in latter's bankruptcy proceeding and then levying on property held by makers as tenants by the entireties (3 Comp. Law 1929, § 13062 et seq.).

12. BANKRUPTCY—SECURITY—LEVY UPON ENTIRETIES PROPERTY.

The right to levy upon entireties property is not a "security" within the meaning of the bankruptcy act so as to release such property from levy after joint judgment had been filed in husband's bankruptcy proceeding as an unsecured claim (3 Comp. Laws 1929, § 13062 et seq.).

13. EXECUTION—DELIVERY TO SHERIFF—INDORSEMENT BY PLAIN-
  TIFF'S ATTORNEY—IRREGULARITY.

  Indorsement by plaintiff's attorney on writ of execution, after
    it had been delivered to sheriff and he had made levy there-
    under on property held by defendants as tenants by entireties,
    that it was issued upon a judgment against defendant husband
    and wife *held,* an irregularity which did not invalidate levy
    where judgment was on note signed by defendants jointly.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted June 7, 1938. (Docket No. 18, Calendar No.
40,015.) Decided October 3, 1938.

Assumpsit by John Kolakowski against Frank J.
Cyman and Martha Cyman on a promissory note.
On petition of defendants for a perpetual stay of
execution, recall of writ of execution and cancella-
tion of levy and motion of plaintiff to amend judg-
ment and writ of execution. From order amending
judgment and writ of execution and denying perpet-
ual stay of execution, defendants appeal. Affirmed.

*Harold R. Smith (Bethel B. Kelley,* of counsel),
for plaintiff.

*Ira F. Morgan,* for defendants.

BUSHNELL, J. Defendant Frank J. Cyman and
his wife, Martha, executed and delivered a promis-
sory note which reads as follows:

"We hereby declare that we have received $1,000
from Maryanna Kolakowski which we agree to re-
pay to her after one year, *i. e.,* September 17, 1933,
with additional $100, which together will amount to
$1,100. And in case of her death, the above men-
tioned money belongs to her son, Jan Kolakowski."

This note later became the property of plaintiff-
appellee, who, on August 28, 1935, secured a judg-
ment thereon in the sum of $1,169.35.

Frank J. Cyman was adjudicated a bankrupt some months following rendition of this judgment. Plaintiff filed a proof of claim in the bankruptcy matter, he having been listed as a creditor therein. Cyman did not include in his bankruptcy schedule certain property which he and his wife owned by the entireties. A distribution was made to general creditors in the bankruptcy proceeding of 1.86 cents on each dollar, and plaintiff received the sum of $21.75, which he admits was applied in partial satisfaction of the amount due on the judgment. On December 14, 1936, Cyman received his discharge.

On August 31, 1937, a writ of execution was issued upon plaintiff's judgment and delivered to the sheriff of Macomb county, who, on September 3d following, levied upon the property owned by Cyman and his wife as tenants by the entireties. Subsequently, on October 16, 1937, Martha Cyman was adjudicated a bankrupt. She, also, did not list the entireties property in her schedule, and plaintiff did not file any claim in that proceeding. She received her discharge on January 3, 1938.

On January 5, 1938, the Cymans, individually and jointly, filed a petition in the assumpsit action, seeking a perpetual stay of execution against the entireties property, recall of the writ of execution, and cancellation of the levy upon the property. The trial judge denied this petition, stating that, in his opinion, it would be a strange and intolerable situation if the defendants, by taking title to property by the entireties, could remove it beyond the reach of bankruptcy proceedings, and, at the same time, avoid its subjection thereafter to seizure on execution; particularly if the judgment were for an unpaid part of the purchase price of the property.

Entireties property is liable to execution for joint debts of husband and wife by virtue of 3 Comp.

Laws 1929, § 13062 *et seq.* (Stat. Ann. § 26.181 *et seq.*). Appellants, however, dispute the applicability of this statute in the instant case. Appellants argue that there is nothing in the record to indicate that the judgment which was rendered against them was a "joint judgment" as required by this statute. However, under the facts of the instant case, the circuit judge was entitled to inspect the record of the principal case, even though no independent proof thereof was offered. *Farrington* v. *Sexton,* 43 Mich. 454. The circuit judge found that the principal judgment was a joint judgment and, at least in the absence of evidence to the contrary, we are obliged to accept his finding. *Farrington* v. *Sexton, supra.*

Appellants argue that their separate discharges in bankruptcy invalidated the levy on the entireties property. This court has held that the discharge of the husband in bankruptcy does not preclude the subsequent rendition of a "joint judgment" against husband and wife, under 3 Comp. Laws 1929, § 13064, which judgment might be satisfied out of any property held by the husband and wife by the entireties. *Edwards & Chamberlin Hardware Co.* v. *Pethick,* 250 Mich. 315 (82 A. L. R. 1232), followed in *McPherson* v. *Gregory,* 271 Mich. 580, and *Wesorick* v. *Winans,* 277 Mich. 589. The additional factor present in the instant case, namely, the discharge of Mrs. Cyman subsequent to the levy, is of no importance for two reasons: (1) The levy was already made at the time of her adjudication and her release thereafter from her personal obligations could not, *per se,* operate to destroy the lien upon her property. See *Atwood* v. *Schlee,* 269 Mich. 322. It is suggested by appellants that the levy was invalidated because made within four months prior to Mrs. Cyman's adjudication as a bankrupt. It is doubtful that the mere fact of adjudication alone

would have such an effect, particularly as to assets which are not part of the bankrupt's estate; it has been said that the lien of the levy is not automatically voided but is merely voidable, if at all, at the suit of the trustee in the bankruptcy proceeding. See authorities quoted in 8 C. J. S. pp. 904, 905. This question need not be decided, however, since it is not mentioned in appellants' reasons and grounds for appeal or in their statement of questions involved. (2) The bankruptcy discharge could only release Mrs. Cyman's personal liability, if any, on the note, just as in the case of Mr. Cyman. Under our ruling in the *Edwards, McPherson* and *Wesorick Cases, supra,* the statute, in effect, subjects the entireties property to a non-personal or *quasi-in-rem*-liability, which is not dischargeable in bankruptcy. The logical implications of this ruling require a holding, here, that the discharge of neither husband or wife or both can preclude levy under the statute on their entireties property.

The reasoning of this court in the *Edwards Case* appears to be in conflict with the case of *Phillips* v. *Krakower,* 46 Fed. (2d) 764. In that case the Fourth Circuit Court of Appeals held that it is proper for the bankruptcy court to stay the bankruptcy proceedings and defer the bankrupt's discharge in order to give a creditor opportunity to obtain judgment on a note executed jointly by the bankrupt and his wife and enforce the judgment against their entireties property, because otherwise, according to the Federal court, the discharge of the husband would preclude later resort by the creditor to this property. Notwithstanding the reasoning of the Federal court, we follow our decisions, *supra.*

Appellants contend that the fact that appellee proved his judgment and received dividends in Cy-

man's bankruptcy proceeding barred appellee from further enforcement of his judgment. We cannot agree with this contention. The receipt of dividends in bankruptcy could not operate as a complete satisfaction of plaintiff's judgment unless they equalled the amount thereof. See *Atwood* v. *Schlee, supra.* Moreover, to say, as appellants do, that the allowance of plaintiff's judgment in bankruptcy proceeding is *res judicata* is of no moment; that doctrine does not preclude resort by plaintiff to concurrent means of enforcing his judgment. Similarly, the argument that plaintiff, by filing a claim in bankruptcy, has made a binding election of remedies is wholly without merit. The doctrine of election of remedies does not apply to the successive steps taken by this plaintiff to enforce his judgment. *H. G. Vogel Co.* v. *Original Cabinet Corp.*, 252 Mich. 129, and *Bailey* v. *Bailey*, 263 Mich. 137, cited by appellants, are not in point. In those cases it was held that a vendor, under a title-retaining contract, who files a claim in bankruptcy for the purchase price, is seeking the equivalent of a judgment and may not later take the inconsistent position that he is entitled to recover the property sold. No inconsistency is involved in the methods pursued by plaintiff herein to enforce his judgment.

Appellants also contend that the rule that filing a secured claim as unsecured releases the security is applicable to the instant case and destroys any right plaintiff may have had to levy upon the entireties property. This argument, too, is unsound. The right to levy upon entireties property is not a ''security'' within the meaning of the bankruptcy act, and plaintiff is not to be penalized for the failure to disclose the existence of this right. See *Lockwood* v. *Exchange Bank,* 190 U. S. 294 (23 Sup. Ct. 751).

*Elston* v. *Rusch,* 250 Mich. 221, is distinguishable. In that case plaintiff sought to impose a constructive trust on entireties property after receiving dividends in bankruptcy on the claim out of which the asserted constructive trust arose. The court held that the claimed constructive trust was in the nature of a security and that was destroyed by the fact that plaintiff had filed his claim in the bankruptcy matter as a general creditor.

After the delivery of the writ of execution to the sheriff of Macomb county and levy thereunder, plaintiff's attorney obtained temporary possession of the writ for the purpose of indorsing thereon the facts that it was issued upon a judgment against Cyman and his wife. Appellants say, under the authority of *First National Bank of Mauch Chunk* v. *Dwight,* 83 Mich. 189, the debtor is entitled to have the writ of execution remain in the hands of the sheriff from the time of its delivery to him, until its return day. There is nothing in the authority cited to support the proposition that temporary surrender of the writ by the sheriff could invalidate the levy made under the process of the court. The practice is not approved but appellants' rights were not jeopardized in this particular. See *Vroman* v. *Thompson,* 51 Mich. 452.

The order entered by the circuit court was proper and is affirmed, with costs to appellee.

Wiest, C. J., and Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.