## SCHRAM v. WERBACK et al.
### No. 1043.

District Court, E. D. Michigan, S. D.
June 30, 1941.

Robert S. Marx, Carl Runge, Lawrence I. Levi, and Frank M. Wiseman, all of Detroit, Mich., for plaintiff.

Corliss, Leete & Moody, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

### Findings of Fact.

1. B. C. Schram is the duly appointed, qualified and acting Receiver of First National Bank-Detroit, an insolvent national banking association, under appointment of the Comptroller of the Currency of the United States, and defendants Werback are residents of this District.

2. First National Bank-Detroit closed its doors at 12:00 o'clock noon Eastern Standard Time on February 11, 1933, and never again reopened for normal banking business. Thereafter, the Comptroller of the Currency duly found and declared said bank to be insolvent, and appointed a Receiver therefor.

3. On May 16, 1933, the Comptroller of the Currency duly levied a 100% assessment against the stockholders of said bank, making same payable July 31, 1933.

4. In the class or representative suit of Barbour v. Thomas, D.C., 7 F.Supp. 271, affirmed, 6 Cir., 86 F.2d 510, certiorari denied, 300 U.S. 670, 57 S.Ct. 513, 81 L.Ed. 877, this court determined, adjudged and decreed that the stockholders of Detroit Bankers Company, a Michigan corporation, were liable for the aforesaid assessment levied by the Comptroller of the Currency against stockholders of said First National Bank-Detroit, to the extent of $14.055775 per share of Detroit Bankers Company stock.

5. At the time of the closing of said First National Bank-Detroit and at the time of levying of said assessment, One Hundred and Eighty (180) shares of the capital stock of Detroit Bankers Company were registered in the names of defendants Stewart A. Werback and Madeline R. Werback, who were then and are now husband and wife. This was a joint ownership, with the right of survivor to complete ownership thereof expressly stated on the certificates representing such stock holding.

6. The said assessment levied on said 180 shares of stock held by said defendants has not been paid and is past due and owing, the total amount due thereon to this date for principal and interest being $3,-531.98.

7. Defendant Stewart A. Werback individually was adjudicated a bankrupt on November 29, 1938, and received a discharge on February 21, 1940.

8. Defendant Madeline R. Werback individually was adjudicated a bankrupt on November 29, 1938, and received a discharge on February 9, 1940.

9. Plaintiff contends that joint or entirety property, and liabilities enforceable out of joint or entirety property, were not affected by the individual bankruptcies of husband and wife, and here seeks a joint judgment against said defendants on the said stock certificates recoverable only out of joint or entirety property.

10. Defendants introduced testimony showing that at the time of their individual adjudications of bankruptcy and until subsequently to their discharges said defendants did not own any entirety property, and they contend that their individual proceedings in bankruptcy consequently embraced all their then existing assets and liabilities, freeing all future assets acquired by them, jointly as well as individually, from all liability which either or both of them owed at the time of their bankruptcies.

### Conclusions of Law.

1. District Courts of the United States have jurisdiction of cases for winding up of the affairs of a national banking association, which includes the instant case. 28 U.S.C.A. § 41(16).

2. Defendants' brief (page 3) concedes the existence of an original joint obligation on said stock certificates. See: Schram v. Collins, D.C., 30 F.Supp. 783.

3. No Michigan law has been cited or found which would preclude enforcement out of judgment-debtors' after-acquired property, of the judgment here sought.

4. The joint liability of defendants Werback for said stock assessment, and any joint or entirety property of said defendants out of which it might be enforced, were not affected by the individual bankruptcy proceedings of said defendants. Edwards & Chamberlin Hdw. Co. v. Pethick, 250 Mich. 315, 230 N.W. 186, 82 A.L.R. 1232; McPherson v. Gregory, 271 Mich. 580, 260 N.W. 767; Kolakowski v. Cyman, 285 Mich. 585, 590, 281 N.W. 332.

5. Judgment may be entered against said defendants for the amount hereinbefore specified, with costs to be taxed, such judgment to be joint and not several, with enforcement thereof limited to joint and entirety property.