**UNITED STATES of America,**
**Plaintiff,**

v.

**Albert FETTER and Mary Louise Fetter,**
**his wife, jointly, Defendants.**

**Civ. A. Nos. 16957, 17314.**

United States District Court
E. D. Michigan, S. D.

June 4, 1958.

Fred W. Kaess, U. S. Atty., John M. Chase, Jr., Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Theodore F. Hughes, Berkley, Mich., for defendants.

THORNTON, District Judge.

The present controversy has been submitted to the Court on briefs. The facts, as stated by defendants in their first brief, are as follows:

"Two actions for judgment on four promissory notes totaling $2,-335.57 of which plaintiff is assignee have been combined. The defendants who are husband and wife, each signed the notes. The defendant husband became a bankrupt and was discharged from all dischargeable debts prior to the commencement of

these actions, in fact, the bankruptcy was filed prior to the assignment of the notes. The plaintiff makes no claim the defendant husband owned any property jointly with his wife other than the homestead of the parties which was listed in the bankruptcy schedules nor that the defendants' interest in their homestead was in excess of the homestead exemption allowed by the statutes of the State of Michigan. Plaintiff does not assert that the obligation was ever more than an ordinary contractual obligation. Defendants contend the bankruptcy and discharge of the defendant husband precludes plaintiff obtaining any judgment in these actions, several and/or joint against the parties or either of the parties."

While we are impressed with defendants' ingeniously contrived argument as to why the plaintiff may not proceed here, we are constrained to conclude, after our study of the applicable statutes and cases, that defendants' position is not legally sound despite support for said position in cases from other jurisdictions. These cases, however, place certain reliance on the state law of their own particular jurisdiction.

The defendant Albert Fetter was discharged from his debts as listed in the bankruptcy proceeding schedules, which included the instant debt. His entirety property, it appears, was not used in satisfaction of any of such debts. Any judgment rendered herein against defendants may not be satisfied out of any individually owned property of defendant Albert Fetter, since he was discharged as to this particular debt in such respect. However, the law seems clear that plaintiff is entitled to proceed to judgment here, and that the bankruptcy discharge places a limitation only upon the sources available for satisfaction. Edwards & Chamberlin Hardware Co. v. Pethick, 250 Mich. 315, 230 N.W. 186, 82 A.L.R. 1232; McPherson v. Gregory, 271 Mich. 580, 260 N.W. 767; Kolakowski v. Cyman, 285 Mich. 585, 281 N.W. 332; Schram v. Werback, D.C., 39 F.Supp. 616.

Judgments may be submitted to the Court upon notice.