## Budget Plan, Inc., v. Hicks

*Lewis Orvis Harvey*, for plaintiff.

*Gill & Lederer*, for defendants.

CAMPBELL, P. J., May 1, 1961.—On December 19, 1958, defendants executed to plaintiffs' assignor an installment note containing a confession of judgment clause, the last payment on which was due December 10, 1960. At the time of the execution of said note, defendants, as husband and wife, were the owners of certain real estate as tenants by the entireties, and, although this issue is to be determined later, may or may not have owned certain personal property with title held by them in the same capacity.

On July 5, 1960, one of defendants, Myron F. Hicks, husband of the remaining defendant, Eva J. Hicks, received a discharge in bankruptcy in which proceeding the note in question was listed as a liability.

Plaintiff caused judgment to be confessed on said note on November 10, 1960, to no. 116, January term, 1961, and on January 11, 1961, caused execution to be issued on the note against both defendants, seeking to sell certain personal property and real estate owned by the entireties which was not required to be listed and/or administered in the bankruptcy proceedings.

On February 28, 1961, the court, on petition of defendants, granted a rule to show cause why the judgment should not be opened, the husband-defendant claiming that, by reason of the bankruptcy discharge, he has no liability on plaintiff's note and that plaintiff knew of the bankruptcy proceedings and the bankruptcy discharge before it confessed judgment on the note.

The question squarely before the court may be stated as follows: Where husband and wife created a joint obligation, owning at that time property as tenants by the entireties, and husband alone subsequently receives a discharge in bankruptcy, can the holder of this joint obligation thereafter confess a judgment thereon and enforce the same against property owned prior to husband's bankuptcy by husband and wife as tenants by the entireties?

There is no doubt that, subsequent to the adoption of the married women property statutes in this State, a married woman has the same power to deal with property in which she has an interest as a married man. Consequently, if a joint judgment is entered against husband and wife, the effect thereof is to bind the title held by the artificial entity of the two spouses when they hold title as a tenancy by the entireties: 26 Am. Jur., page 803; Grote, Trustee, v. McCann, 127 Pa. Superior Ct. 563; Department of Public Assistance v. Heinbaugh, 45 D. & C. 38; Summary of Pa. Jur., Domestic Relations, §269.

It is equally clear that in bankruptcy proceedings of one spouse, property held by the bankrupt with his or her spouse, as a tenancy by the entireties, need not be included as an asset in the proceedings. This is so by virtue of the peculiar legal incidents which the law attaches to an estate held as a tenancy by the entirety: 6 Am. Jur. page 1075, §883; In re Smulyan, 98 F. Supp. 618 (Pa. case) ; 8 C. J. S., page 627, Bankruptcy, §175; 47 A. L. R., page 437.

It has been held otherwise where the wife dies during husband's bankuptcy proceedings (In re Flynn, 1 F. 2d 566), or where both husband and wife file contemporaneous separate petitions in bankruptcy: In re Carpenter, 5 F. Supp. 101 (Pa. case) ; Roberts v. Dick & Co., 275 F. 2d 943.

The court in which the debt is proceeded on is the only proper forum to determine whether a discharge releases such debt: Collier on Bankruptcy, §17.28 (14th ed.). We are, therefore, of the opinion that the law of this State is controlling: Collier, Bankruptcy Manual, p. 947, §70.12(8).

We are informed by counsel for the parties that it is their belief that the question this court is called upon to decide is one of first impression in this Commonwealth. Our research confirms this belief. However, the question is not new in certain foreign jurisdictions. There is, however, a decided and definite split of authority in the cases which we have examined where the same question has arisen in foreign States. The numerical majority and, in the court's opinion, the ones sustained by the better-reasoned opinions and which produce the most equitable result, hold that a separate discharge of a husband in bankruptcy prior to the commencement of an action on a joint obligation of the husband and wife does not preclude the entry of a judgment on such obligation and the enforcement of such judgment by the sale or execution of property

held by the husband and wife as tenants by the entireties prior to the bankruptcy proceedings: First National Bank of Goodland v. Pothuisje, 217 Indiana 1, 25 N. E. 2d 436; Edwards & Chamberlin Hardware Co. v. Pethick, 250 Mich. 315, 230 N. W. 186; McPherson v. Gregory, 271 Mich. 580, 260 N. W. 767; Kolakowski v. Cyman, 285 Mich. 585, 281 N. W. 332; 82 A. L. R. 1232; 130 A. L. R. 1238; Schram v. Werback, 39 F. Supp. 616.

The Maryland courts have to date achieved the same results. However, they have attached a magical significance to the legal effect of a discharge in bankruptcy. In the case of Phillips v. Krakower, 46 F. 2d 764, the court held that a joint creditor of husband and wife could hold up husband's discharge in bankruptcy to afford the creditor an opportunity to enforce the claim against property held by the entireties. The court realized that justice required this result and stated flatly that doing justice is of more importance than haste. On the same theory, the Maryland court in the case of Foland v. Hoffman, 186 Md. 423, 47 A. 2d 62, allowed execution on a joint judgment against property held by the entireties where the judgment had been entered after husband's bankruptcy proceedings but before his discharge. Frey v. McGaw, 127 Md. 23, 95 Atl. 960, is in accord.

The contrary position has been taken by the Missouri Court of Appeals in the case of Wharton v. Citizens' Bank of Bosworth, 223 Mo. App. 236, 15 S. W. 2d 860. See also Fetter v. U. S. A., 269 F. 2d 467, where the Federal court arrived at the same result in construing solely the provisions of the Bankruptcy Act when not being bound by the State law where the litigation arose.

The stumbling block in a uniform determination of these cases is the legal effect of a discharge in bankruptcy. All courts agree that a discharge releases the

bankrupt from personal liability on the obligation in question. This does not mean that the debt is paid or satisfied, but only that the bankrupt is afforded a legal defense to actions on the debt if he choses to avail himself of it. The remedy upon the debt and the legal, but not the moral, obligation to pay are at an end, but the debt is not extinguished or cancelled. Thus, under certain circumstances, a new promise to pay after bankruptcy discharge creates a valid obligation. Why then should we consider so sacred and so significant the magical word "discharge"? Defendants knew when they created the obligation in question that their property held by entireties was liable for, and could be taken in satisfaction of, their debt. Why should the husband now be allowed to cry "discharge" and prevent a legitimate creditor from seeking satisfaction of his judgment from property which always was liable for the payment thereof? The real purpose of the Bankruptcy Act, as we understand it, was to allow an insolvent to place all of his property at the disposal of his creditors so that an equitable distribution could be made and he, the bankrupt, could be released from his personal liability. We do not think it was intended that by attaching a magical significance to the word "discharge," a debtor could continue to maintain his interest in certain property after bankruptcy which he is not required to turn over to the trustee. Not only would this be unfair but, at the same time, it would act as a release as to entireties property, so long as the bankrupt lived, for the bankrupt's spouse who was never involved in the bankruptcy proceedings.

If we need a legal theory to satisfy the logical, legal mind, we would prefer to adopt that suggested by the Michigan Supreme Court in the Pethick case, supra, when it approved the following language (p. 320) :

"While the action is not, strictly speaking, one *in*

*rem*, it may be said to be *quasi in rem* . . . 'the latter term [is applied] to suits brought against persons where the plaintiff's object is to subject certain property of those persons to the payment of the particular claims'."

We see no difficulty in applying this reasoning. Defendant has been released in the bankruptcy proceedings of his personal liability which is consistent with bankruptcy law. On the other hand, by reason of the particular incidents attaching to property held by the entireties, it continues to make that particular property, under certain circumstances, liable for the debt originally created and originally considered liable therefor. To hold otherwise would seriously jeopardize the activities of lending institutions and, in many instance, make property held by the entireties worthless as a source of credit.

We see no practical or procedural difficulties created by this position. The relief of the courts is always available in judgments and executions, and the court could always prevent executions against individually owned and later acquired property of the bankrupt and, as in the case of Shabaz v. Lazar, 115 Ind. App. 691, 60 N. E. 2d 748, could prevent execution against jointly owned property acquired by the bankrupt and his wife subsequent to the date of his discharge in bankruptcy.

The court is not unaware of the language of our Superior Court in the case of Realty Company v. Gioshio, 50 Pa. Superior Ct. 185, and the cases therein cited, in which it is suggested that all actions of creditors must be taken before the actual discharge of the bankrupt. With this language we must respectfully disagree, as it pertains to the case at hand, for the reason that we feel that it does not take into consideration the peculiar incidents of a tenancy by the

entireties, and for the further reason that it will produce an inequitable result.

For these reasons we enter the following order:

And now, May 1, 1961, the petition to open the judgment is refused and the rule discharged.