Wakine **ROUHIB**, Plaintiff-Appellant,

v.

The **MICHIGAN BANK**, a Michigan Banking Corporation, Defendant-Appellee.

No. 15765.

United States Court of Appeals
Sixth Circuit.

May 17, 1965.

John D. O'Connell, Detroit, Mich., on the brief, for appellant.

Travis, Warren & Nayer, Harry M. Nayer, C. Robert Wartell, Detroit, Mich., on the brief, for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and KENT, District Judge.

KENT, District Judge.

On April 17, 1956, the plaintiff, Rouhib, and his wife, jointly and severally, executed an unsecured promissory note which was thereafter purchased by the

defendant, Michigan Bank. (The parties will be denominated as in the court below.)

On June 7, 1957, Rouhib filed a petition in bankruptcy in the United States District Court for the Eastern District of Michigan, and listed the Michigan Bank as an unsecured creditor. On June 9, 1958, a discharge in bankruptcy was duly granted.

On August 5, 1960, defendant, Michigan Bank, filed suit in the Circuit Court for Macomb County, Michigan, on the note executed by the plaintiff and his wife. Rouhib and his wife did not appear or answer, and the defense of bankruptcy was not asserted. On September 19, 1960, the bank took judgment by default against Rouhib and his wife in the amount of $2241.00 and costs. On April 22, 1963, the Michigan Bank levied execution on the home of Rouhib and his wife which they owned as tenants by entirety.

On May 20, 1963, the plaintiff filed this action for an injunction in the United States District Court for the Eastern District of Michigan, against the defendant bank, to restrain execution upon the state court judgment, asserting that the district court should exercise its ancillary jurisdiction. The district judge dismissed the complaint on the ground that Rouhib, having failed to assert his discharge in bankruptcy as a defense in the state court action, had waived any right which he might have had to invoke the ancillary jurisdiction of the United States District Court.

Rouhib's contention is that because Michigan law would not have recognized his discharge in bankruptcy as a valid defense, he should not have been required to go through the formality of filing an appearance and answer, citing Local Loan Company v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), and Fetter v. United States, 269 F.2d 467, C.A. 6, 1959.

Under Michigan law an individual discharge in bankruptcy, as in this case, is not a defense to a suit on a joint obligation, Kolakowski v. Cyman, 285 Mich. 585, 281 N.W. 332 (1938); Edwards & Chamberlin Hardware Co. v. Pethick, 250 Mich. 315, 230 N.W. 186, 82 A.L.R. 1232 (1930).

At the time the state court action was instituted in 1960, the Michigan law required that a discharge in bankruptcy must be pleaded as an affirmative defense. To the same effect see Michigan General Court Rule 111.7 and Rule 8(c) Federal Rules of Civil Procedure, 28 U.S.C.A.

The facts in this case can be distinguished from Local Loan Co. v. Hunt, supra. There ancillary proceedings in the district court to enforce the discharge in bankruptcy were commenced promptly after the creditor asserted rights in a state court. Fetter v. United States, supra, was a suit in the district court in which the discharge in bankruptcy was asserted as an affirmative defense.

The failure of a person discharged in bankruptcy to promptly assert the bankruptcy as a defense in a state court action has been before the Courts of Appeal for other circuits, Helms v. Holmes, 129 F.2d 263, 141 A.L.R. 1367, C.A.4, 1942; In re Innis, 140 F.2d 479, C.A.7, 1944; Household Finance Corp. v. Dunbar, 262 F.2d 112, C.A.10, 1958. In each of the cases cited resort to the ancillary jurisdiction of the district court was refused, because the discharge in bankruptcy had not been promptly pleaded as a defense in the state court proceedings.

We are of the opinion that Rouhib's failure to appear and answer in the state court proceeding, setting up his discharge in bankruptcy as a defense, was a waiver of that defense. The district court properly refused to assert its equity jurisdiction in this ancillary proceeding.

Affirmed.